THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
JAMES E. USELTON, Defendant-Appellant.

Third District   No. 78-51

Opinion filed September 19, 1978.

Harry H. Sonnemaker, Jr., and Michael W. Sonnemaker, both of Peoria, for appellant.

Bruce W. Black, State's Attorney, of Pekin (James E. Hinterlong and Joseph A. Mueller, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE STOUDER delivered the opinion of the court:

This appeal is from the judgment of the circuit court of Tazewell County, after a bench trial, finding defendant, James Uselton, guilty of driving under the influence of intoxicating liquor, and sentencing him to two years probation and fining him $1,000.

Defendant was charged with the offense of driving under the influence of intoxicating liquor in violation of section 11—501(a) of the Illinois Vehicle Code (Ill. Rev. Stat., ch. 95½, par. 11—501(a)). Defendant makes the following two contentions on this appeal:

1. The State did not prove beyond a reasonable doubt that he had

been driving a motor vehicle at the time and place in question.
2. The State did not prove beyond a reasonable doubt defendant was intoxicated at the time and place in question.

The deputy sheriff who responded to the call about a vehicle in the ditch found defendant standing next to his pickup truck with the engine off and the key in the ignition in the "on" position. No one else was present at the scene when the deputy arrived and the deputy testified he could not recall defendant ever mentioning anyone else was driving the truck. No one came to the scene at any time prior to the arrival of the tow truck which was about 45 minutes to an hour after the deputy arrived.

The deputy testified as to his personal observation of the defendant that he asked the defendant if he was all right and defendant responded to the effect that someone had run him off the road and he would tell the deputy about it after he woke up, that he was drunk. After arresting defendant and while at the police station, he asked the defendant if he was operating a vehicle and defendant answered, "Yes, but you didn't see me drive and I wasn't on a State highway."

As to the condition of the defendant, the deputy testified defendant fell down into the ditch and was dirty and smelled of alcoholic beverage. Upon his arrival at the station defendant was belligerent and threatened bodily harm to the deputy. The deputy testified that in his opinion the defendant was intoxicated and he based this opinion upon his personal experiences with intoxicated persons both as a deputy sheriff and as a private citizen. The defendant testified he was drinking beer less than an hour before the truck was driven into the ditch.

Defendant contended he was not driving and this contention was supported by two witnesses. He also denied making any statements to the deputy, but admitted to having drank some beer. Defendant notes that at the hearing on defendant's refusal to submit to a breathalyzer test the deputy made no mention of defendant's alleged admissions. Robert Burns testified that after the accident he decided to walk to the home of Lindell Blasdel to get some assistance and left defendant in the truck. Burns testified that he was a former employee of defendant and had known him for years and that he returned to the scene of the accident within one hour and did not find defendant or the pickup truck. Upon learning that defendant had been arrested for driving under the influence of intoxicating liquor, Burns testified he went home and went to bed. The other witness, Lindell Blasdel, testified he was employed by the defendant at the time of the offense and that Burns came to him for help in towing the defendant's truck on the night in question and that he also went home and went to bed when he learned of defendant's arrest.

The only evidence placing defendant driving the vehicle consists of the deputy's testimony regarding the two alleged statements and defendant's

proximity to the vehicle at the time in question. In defendant's support are his own denial, the statement of a witness who claimed to be driving and the statement of another witness, who testified about some of the events of the evening. The witness claiming to be the driver is a former employee of defendant and knew him for years.

■■■ Consistent with the opinions in *People v. Casa*, 113 Ill. App. 2d 1, 251 N.E.2d 290, and *People v. German*, 22 Ill. App. 3d 389, 317 N.E.2d 113, a conviction can be sustained even though it rests entirely upon the arresting officer's testimony and not upon any scientific evidence of intoxication. Under the circumstances of this case we find the deputy's testimony, coupled with what can be at best described as the somewhat improbable testimony of defendant's witnesses, is sufficient to sustain the conviction.

For the foregoing reasons the judgment of the circuit court of Tazewell County is affirmed.

Affirmed.

BARRY, P. J., and STENGEL, J., concur.