THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
KIM R. BRANT, Defendant-Appellant.
Fourth District   No. 15589

Opinion filed April 2, 1980.

Richard J. Wilson and Daniel D. Yuhas, both of State Appellate Defender's Office, of Springfield, for appellant.

Paul C. Komada, State's Attorney, of Charleston (Marc D. Towler and Martin Ashley, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE TRAPP delivered the opinion of the court:

The defendant, Kim Brant, was charged by uniform traffic citation on September 16, 1978, with driving while intoxicated in violation of section 11—501(a) of the Illinois Vehicle Code (Ill. Rev. Stat. 1977, ch. 95½, par. 11—501(a)) and failure to reduce speed to avoid an accident in violation of section 11—601(a) of the Illinois Vehicle Code (Ill. Rev. Stat. 1977, ch. 95½, par. 11—601(a)). Following a jury trial, defendant was found guilty of both charges and fined $250 for the combined offenses. Defendant makes the following contentions on appeal:

(1) The State did not prove that defendant was intoxicated beyond a reasonable doubt as defendant presented a reasonable hypothesis of innocence;

(2) the State did not prove beyond a reasonable doubt that defendant failed to reduce his speed to avoid a collision;

(3) that both convictions should be reversed because of an improper comment by the prosecutor at trial.

The accident which resulted in these charges occurred on September 16, 1978, at approximately midnight. The defendant, Kim Brant, age 18, was driving his motorcycle north on Tenth Street in Charleston, Illinois. Scott Sly, age 17, was riding as a passenger on defendant's motorcycle. Defendant ran into the front end of a car parked on the east side of the street. The car was facing south; the legal direction for parking a car on that side of the street is north. Officer Mark Finley of the Charleston police department arrived at the scene of the accident at 12:05 a.m., approximately four minutes after the accident occurred. He called an ambulance for the defendant and Sly and accompanied them to the hospital. Shortly thereafter, when the defendant was released from the hospital, the officer arrested him and charged him with the criminal violations of which he was convicted here.

At trial, Officer Finley, the State's only witness, testified extensively to his background and training as a police officer, in criminal evidence, and in alcohol and drug control. The officer testified that when he arrived at the scene, the defendant and the passenger were lying on the hood of the car and the defendant was "screaming obscenities about the driver of the automobile who had parked the automobile there." Both the defendant

and the passenger "appeared to be in pain" and the officer called an ambulance. The only thing defendant told Finley at the scene was that he was the driver of the cycle. The officer then testified to his observations regarding the defendant's intoxication on the scene and subsequently at the hospital and police station. The officer stated that he smelled alcohol in the air; that defendant's eyes appeared droopy and bloodshot and his speech slurred; and that defendant stated repeatedly that he was going to be sick. Officer Finley was three feet from the defendant and four to five feet from the passenger when he smelled alcohol in the air and he did not move closer to either person to smell their breath. The officer also measured skid marks 23 feet 6 inches in length at the scene of the accident which were made by the motorcycle. He testified that while he had received training in "analyzing skid marks" he did not "compute the speed, or anything like that."

The defense case consisted of two witnesses: the defendant and Scott Sly, the passenger. The defendant denied that he had any alcoholic beverages to drink before the accident and stated that he had not seen the car before hitting it. Upon being reminded of the skid marks, defendant said that he saw the car before he applied the brakes and skidded into it. Defendant testified that he was driving 28 to 30 mph before the accident; that the trees shaded the parked car preventing light from shining on the car; that his injuries consisted mostly of cuts and bruises and a leg injury which caused him to limp; that he was familiar with the street on which the accident occurred and that the side of the street on which the car was parked had been posted to prohibit all parking. He also testified that he felt sick at the police station because of nerves, and that his speech was not slurred.

Mr. Sly testified that he met the defendant on the evening of the accident between 11:15 and 11:30 p.m. at the "limestone quarry." Sly testified that he and the defendant rode on the defendant's motorcycle from their meeting until the time of the accident; that he (Sly) had had two cans of beer that evening; that he was not drunk at the time of the accident; that he did not smell alcohol on the defendant's breath; that he did not see the car before the collision; that his injuries consisted of a broken leg and a scraped up knee; and that he did not remember whether he had spoken with the officer because he was in pain. Sly also stated that he was "pretty sure" that trees were shading the parked car which defendant hit from the light of the nearest street lamp.

Officer Finley was then called as a rebuttal witness to testify, based on the information on the defendant's driver's license, that defendant was 18 years old at the time of the accident.

It is defendant's contention that he presented "a great deal of

plausible evidence" to show that the accident was unavoidable and not a result of his intoxication, and that he presented plausible alternative explanations for each element of the State's proof of intoxication, which in the aggregate constituted a reasonable hypothesis of innocence.

■■ The defendant correctly points out that a criminal conviction cannot be upheld if the circumstantial evidence relied upon to convict gives rise to any reasonable hypothesis under which defendant could be innocent of the crime charged. (*People v. Huff* (1963), 29 Ill. 2d 315, 320, 194 N.E.2d 230, 232.) In the instant case, the defendant's explanation of the events does not rise to the level of a reasonable hypothesis of innocence; it is more accurately characterized as a series of potential explanations compatible with innocence. The supreme court has stated that the trier of fact is not required to elevate explanations in that latter category to the level of reasonable doubt (*Huff*), and therefore the jury decision in this case was not improper.

Defendant contends that the description given by Officer Finley of the defendant's behavior after the accident, which the officer ascribed to intoxication, was the result of the trauma of the accident or of "nerves." In support of his contention, the defendant cites *People v. Thomas* (1975), 34 Ill. App. 3d 578, 340 N.E.2d 174, and *People v. Clark* (1970), 123 Ill. App. 2d 41, 259 N.E.2d 636. In both cases, the court reversed convictions where the defendants had been involved in accidents which resulted in charges against them for driving while intoxicated and in which they had sustained serious injuries. In *Thomas*, the defendant needed brain surgery after the accident, and in *Clark*, the defendant was knocked unconscious by the impact of the collision.

■■ The instant case is not of that magnitude. The injury to the defendant consisted of cuts and bruises and a limp which resulted from defendant being propelled onto the hood of the car. The police officer testified that he smelled alcohol in the air when standing near the defendant, that defendant was shouting obscenities when he arrived at the scene, that defendant stated multiple times that he thought he was "going to be sick." There was no evidence that defendant received an injury to which these symptoms could be attributed, and at least some of the "symptoms" were not typical of accident victims whose injuries were solely a result of a collision. (*People v. Bonzi* (1978), 65 Ill. App. 3d 927, 382 N.E.2d 1300.) Under similar circumstances, the court in *Bonzi* held: "[T]he jury as the triers of fact were free to reject defendant's theory that the symptoms that he displayed following the accident were the result of his injuries instead of evidence of his intoxication." 65 Ill. App. 3d 927, 932, 382 N.E.2d 1300, 1303.

The defendant proposed alternative explanations for the other

evidence introduced by the State at trial to prove intoxication: that his shouting of obscenities at the scene of the accident was what a reasonable person would do immediately after striking an illegally parked automobile; that the smell of alcohol testified to by the officer was from the passenger's breath, not the defendant's; that merely hitting a car parked illegally was not evidence of intoxication as the car was parked in the shade, and illegally. These explanations were all presented to and rejected by the jury at trial. None of these explanations singly or in the aggregate constitutes a reasonable hypothesis of innocence requiring this court to reverse the jury determination of this issue.

The fact that the only prosecution witness was the arresting officer similarly does not undermine the conviction. Convictions for driving while under the influence of intoxicating liquor have been upheld where the only evidence presented by the prosecution was the testimony of the arresting officer. (*People v. Casa* (1969), 113 Ill. App. 2d 1, 251 N.E.2d 290; *People v. Uselton* (1978), 64 Ill. App. 3d 383, 380 N.E.2d 1202.) While more than one witness would always be preferable, in the case at bar the arresting officer had training and experience in alcohol and drug control. He had ample opportunity to observe both the defendant and the passenger after the accident. He described in detail various characteristics of defendant's behavior. He was prohibited by an objection from giving his opinion on defendant's sobriety, but the jury could properly and did reasonably infer that the symptoms described were symptoms of intoxication.

The defendant next contends that he was not proved guilty beyond a reasonable doubt of failure to reduce speed to avoid an accident in violation of section 11—601(a) of the Motor Vehicle Code (Ill. Rev. Stat. 1977, ch. 95½, par. 11—601(a)). The supreme court stated in *In re Vitale* (1978), 71 Ill. 2d 229, 238, 375 N.E.2d 87, 91: "To prove the charge of failing to reduce speed, the State has to prove that the defendant drove carelessly and failed to reduce speed to avoid colliding with a person."

██ None of the evidence at trial was directed specifically toward proof of the two elements of this offense. The State contends that the jury properly inferred the first element, that defendant was driving carelessly, from the facts surrounding the collision. The salient facts in evidence surrounding the collision are that defendant struck a car parked upon a portion of the street where all parking was prohibited and it was partially obscured from view by the shade of trees. The only possible way to infer carelessness from these facts is based upon defendant's intoxication and the assumption that because defendant was intoxicated, he was careless. In the light of the other facts in this case, evidence of intoxication without more cannot support an inference of carelessness sufficient to satisfy the

requirements of proof of this charge. As no other evidence was presented on this issue, the State failed to prove that defendant drove carelessly prior to the accident.

■■ The State also failed to prove the second element of the offense, that defendant failed to reduce his speed to avoid the accident. On appeal, the State curiously argues that the doctrine of *res ipsa loquitur* should be applied to uphold the conviction; that because defendant hit the car he therefore must not have reduced his speed to avoid the accident. The application of that doctrine and that logic to this case is not persuasive. Based on the logic of that argument, anyone involved in an accident could properly be convicted for failure to reduce speed to avoid an accident. The State presented no evidence to prove this element of the offense, and proof of this element cannot be inferred merely from the fact of the collision. As the State failed to prove either element of failure to reduce speed to avoid an accident, the defendant's conviction on that charge must be reversed.

■■ The defendant's third and final contention on appeal is that during his opening statement and closing argument the prosecutor made statements which were improper, prejudicial, and based on facts not in evidence. The defendant did not object to any of the prosecutor's comments at trial, nor did defendant file a post-trial motion raising these issues. Thus, our review is limited to determining whether the prosecutorial comments can be considered seriously prejudicial to the defendant. (*People v. George* (1971), 49 Ill. 2d 372, 274 N.E.2d 26.) The only comment which need be discussed under this standard is the prosecutor's statement in closing argument that defendant would not admit that he had been drinking at the time of the accident. The defendant argues that this was improper as defendant was not charged with the crime of underage drinking. The general rule is the evidence of other crimes wholly independent from the crime for which the defendant is being tried is not admissible. (*People v. Tranowski* (1960), 20 Ill. 2d 11, 169 N.E.2d 347, *cert. denied* (1960), 364 U.S. 923, 5 L. Ed. 2d 262, 81 S. Ct. 290, and 368 U.S. 978, 7 L. Ed. 2d 440, 82 S. Ct. 484.) There are exceptions to the rule which allow admission, but it is not necessary to consider the exceptions, as this case does not fall within the rule. In this case, the crimes of driving while intoxicated and underage drinking are inextricably linked. The State had established that defendant was less than the legal age for drinking. If the defendant was guilty of driving while intoxicated, absent involuntary intoxication, he was necessarily guilty of underage drinking. The prosecutor was trying to impeach defendant's credibility as a witness by pointing this out, and under these circumstances the comment was proper.

We conclude that sufficient evidence was presented to sustain the driving-while-intoxicated conviction. The same cannot be said of the

conviction for failure to reduce speed to avoid a collision. The evidence supporting that conviction was insufficient, and the conviction on that charge must be reversed.

Since the sentence imposed was measured by the fact of convictions of two elements, the cause is remanded for imposition of a new sentence.

Affirmed in part; reversed in part; and remanded with directions.

WEBBER and GREEN, JJ., concur.