THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
VINCENT SAMPSON, Defendant-Appellant.

Fourth District   Nos. 4—84—0300, 4—84—0573 cons.

Opinion filed January 17, 1985.

Daniel D. Yuhas, of State Appellate Defender's Office, of Springfield, for

appellant.

Chris E. Freese, State's Attorney, of Sullivan (Robert J. Biderman and Gwendolyn Klingler, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE McCULLOUGH delivered the opinion of the court:

After bench trial on stipulated facts, defendant was convicted of the offenses of driving while under the influence (DUI) and of driving too fast for conditions (Ill. Rev. Stat. 1983, ch. 95½, pars. 11—501(a), 11—601(a)) in Moultrie County case Nos. 84—T—8 and 84—T—9. He was sentenced in 84—T—8 to six months' probation and ordered to attend an alcohol treatment program at his expense and pay court costs. He was sentenced in 84—T—9 to pay a $50 fine, inclusive of court costs. Defendant appealed the judgment of the circuit court of Moultrie County in 84—T—8 (4—84—0300), and thereafter sought leave to file a late notice of appeal in 84—T—9, which was granted (4—84—0573). These cases have been consolidated for the purpose of this appeal.

Defendant raises three issues: (1) whether his stipulated bench trial was tantamount to a guilty plea on the DUI charge, and, if so, whether he was sufficiently admonished under Supreme Court Rule 402 (87 Ill. 2d R. 402); (2) whether he was proved guilty of driving too fast for conditions; and (3) whether section 2—7(2) of the Juvenile Court Act (Act) (Ill. Rev. Stat. 1983, ch. 37, par. 702—7(2)) violates Federal and State constitutional provisions on due process and equal protection.

Defendant was charged with the instant offenses on January 3, 1984, when he was 16 years old. At hearing on January 16, 1984, the State stipulated that in the event of a finding of guilt, incarceration would not be sought as part of the sentence. In consideration of defendant's age, the public defender was appointed to represent him. On February 7, 1984, defendant filed a motion to dismiss the criminal prosecution in 84—T—8, the DUI charge, as being in violation of his right to equal protection of the laws, and asked that section 2—7(2) of the Act be declared unconstitutional. This motion was argued and denied on April 9, 1984.

At hearing on April 11, 1984, the record shows the following transpired:

"[DEFENSE COUNSEL]: *** We have agreed that this will be presented as a stipulated bench trial. [The prosecutor] will

give a factual basis. The defendant will stipulate that the factual basis is, that the witnesses called would testify in conformity with what [the prosecutor] says they would say.

THE COURT: Is there a civil suit pending or anticipated?

[DEFENSE COUNSEL]: No. There was a motion to dismiss based on an equal protection argument and we are preserving that issue. I think if the defendant comes in and pleads guilty, it would waive—

THE COURT: It's not a negotiated plea then?

[PROSECUTOR]: Not technically.

[DEFENSE COUNSEL]: Assuming the court does find the defendant guilty on the basis of the stipulated facts, then we have an agreed recommendation to make to the court as far as sentencing goes.

THE COURT: All right, then don't show it as a negotiated plea. Show it as a bench trial on stipulated facts."

The court then ascertained that defendant voluntarily waived his right to jury trial, and proceeded with a stipulated bench trial on both charges. The factual basis was stated as follows:

"[PROSECUTOR]: This occurred on January 3, 1984 at 11:05 [p.m.]. Officer Thompson observed a red car off the road resting against a telephone pole in the 500 block of North Main, Sullivan, Moultrie County. He approached the driver, [defendant]. The driver stated he had lost control of the vehicle. While speaking with the defendant, Officer Thompson observed a strong odor of alcoholic beverage emanating from his breath as well as difficulty in speech and coordination. He performed a field test and was placed under arrest for DUI. Back at the jail he took a breath test and the result was .11. And he was also cited for driving too fast for conditions.

THE COURT: Do I understand the officer saw him strike the pole or just saw him parked there up against the pole?

[PROSECUTOR]: He came after the occurrence.

THE COURT: Anything you want to add to that?

[DEFENSE COUNSEL]: No."

The court found the factual basis constituted sufficient evidence to find defendant guilty. Defense counsel stated the agreed disposition:

"[DEFENSE COUNSEL]: He would be sentenced to six months' probation and attend the alcohol treatment program and pay his own tuition and he would pay court costs. On the too fast for conditions, he would pay over the counter fine of $50.00 which includes court costs.

[PROSECUTOR]: That's the agreement.

THE COURT: Is this a negotiated plea or not?

[PROSECUTOR]: Technically, I believe it's not.

[DEFENSE COUNSEL]: No, because he has not entered a plea."

The court inquired into defendant's record and what transpired the night of the offenses. He then sentenced defendant and advised him of his right to appeal.

Defendant first argues that, as to the DUI charge, the stipulated bench trial was tantamount to a guilty plea and, therefore, he should have been admonished pursuant to Rule 402. The State contends the record shows that neither the State nor defense counsel considered the stipulated bench trial to be a guilty plea, and that the comments of defense counsel reflect an expectation that the court would find defendant guilty or not guilty based on the stipulated facts presented.

Both parties discuss *People v. Smith* (1974), 59 Ill. 2d 236, 319 N.E.2d 760, *People v. Russ* (1975), 31 Ill. App. 3d 385, 334 N.E.2d 108, and this court's decisions in *People v. Fair* (1975), 29 Ill. App. 3d 939, 332 N.E.2d 51, and *People v. Ford* (1976), 44 Ill. App. 3d 94, 357 N.E.2d 865, all of which involved entries of pleas of not guilty at stipulated bench trials and subsequent contentions on appeal that the procedure followed in the trial court was tantamount to pleas of guilty so that the Rule 402 admonitions should have been given.

In *Ford*, this court reviewed these cases, as well as the decisions in *People v. Stepheny* (1974), 56 Ill. 2d 237, 306 N.E.2d 872, and *People v. Young* (1974), 25 Ill. App. 3d 629, 323 N.E.2d 788. In both *Stepheny* and *Smith*, not only the evidence, but the outcome was stipulated and no defense, factual or legal, was presented or preserved. We note this passage in *Smith*: "Where the circumstances indicate that calculated efforts have been made which amount to the entry of a guilty plea, we hold that an accused must be afforded the protections set forth by Rule 402." (*People v. Smith* (1974), 59 Ill. 2d 236, 242-43, 319 N.E.2d 760, 764.) In *Young*, the defense of self-defense was raised. In *Russ*, the defendant to an arson charge raised the defense of accident or lack of specific intent. In *Fair*, this court concluded that the stipulation was not tantamount to a plea of guilty since the defendant retained a genuine defense (refusal to suppress purported confession) for purposes of appeal. In *Ford*, the stipulation was only as to what the evidence would be, and this court found that the defendant retained a legal defense, the denial of his motions

to suppress statements and for leave to file a sexually dangerous petition.

■ Thus, *Young, Russ, Fair,* and *Ford* stand for the proposition that a stipulated bench trial is not tantamount to a guilty plea where a defense, factual or legal, is presented. The underlying rationale for this position is that a guilty plea waives all nonjurisdictional defenses or defects. *(People v. Jackson* (1970), 47 Ill. 2d 344, 348, 265 N.E.2d 622, 624.) Here it appears that defense counsel utilized the stipulated bench trial procedure to preserve the issue of the court's denial of defendant's motion to dismiss based on his equal protection challenge to section 2—7(2) of the Act.

■ Defendant seeks to distinguish *Ford* on two bases. First, he maintains that (1) no court has jurisdiction over a juvenile unless there is compliance with the Act; (2) if section 2—7(2) is unconstitutional, other provisions of the Act must be complied with in order to assert criminal jurisdiction over a minor; and therefore, (3) his claim of error is in the nature of a "jurisdictional defense" or defect. We find this argument erroneous in several respects. The issue defense counsel evidently sought to preserve through the mechanism of the stipulated bench trial was constitutional, not jurisdictional. Further, we believe that defendant's argument misapprehends the nature of the jurisdiction of the circuit courts, which is not dependent on compliance with the Act. In *In re Estate of Mears* (1982), 110 Ill. App. 3d 1133, 443 N.E.2d 289, this court pointed out that the jurisdiction of the circuit court is no longer dependent upon statutes and derives from the constitution itself. Under the Constitution of 1970 the circuit court has original jurisdiction "of all justiciable matters." (Ill. Const. 1970, art. VI, sec. 9. See also *In re Estate of Spaits* (1984), 104 Ill. 2d 431 (endorsing *Mears* as to jurisdiction in probate context); *In re L.E.J.* (1983), 115 Ill. App. 3d 993, 996-97, 451 N.E.2d 289, 292; *In re Marriage of Bussey* (1984), 128 Ill. App. 3d 730 (lack of compliance with certain statutory procedures did not deprive trial court of subject matter jurisdiction of proceeding under Illinois Marriage and Dissolution of Marriage Act (see Ill. Rev. Stat. 1983, ch. 40, par. 101 *et seq.*)); *Dilley v. Americana Healthcare Corp.* (1984), 129 Ill. App. 3d 537 (construing limitation posed by section 8—111(D) of the Illinois Human Rights Act (Ill. Rev. Stat. 1983, ch. 68, par. 8—111(D)) as imposing a substantive condition precedent to the exercise of circuit court jurisdiction)). As stated in *People v. J.S.* (1984), 103 Ill. 2d 395, 402, 469 N.E.2d 1090, 1094, "Nowhere in the Federal or in this State's constitution is there found the right to be treated as a juvenile for jurisdictional purposes."

Second, defendant contends that in cases cited by the State the factual or legal defense preserved involved the evidence supporting or refuting the charge against the defendant, in contrast to his constitutional challenge. We find *Ford* controlling and hold that defendant's stipulated bench trial was not tantamount to a guilty plea within the meaning of *Smith*. The distinction raised by defendant does not mandate a contrary result.

In view of our resolution of this issue, we need not address the sufficiency of admonitions given defendant under Rule 402, which this court recently discussed in *People v. Sutherland* (1984), 128 Ill. App. 3d 415.

■ Defendant next argues that he was not proved guilty of driving too fast for conditions, citing *People v. Holtz* (1974), 19 Ill. App. 3d 781, 313 N.E.2d 234, and this court's decision in *People v. Brant* (1980), 82 Ill. App. 3d 847, 403 N.E.2d 282. The State claims that, although the fact of the collision standing alone might not be sufficient evidence for a conviction, the exercise of due care may be inferred from all the facts and circumstances shown to exist prior to the collision (*Ruspantini v. Steffek* (1953), 414 Ill. 70, 110 N.E.2d 198), and that the law presumes where a vehicle runs into a parked vehicle or object at the side of the road, the accident would not have occurred had due care been used (*Pearlman v. W. O. King Lumber Co.* (1939), 302 Ill. App. 190, 23 N.E.2d 826). Defendant contends that the State's reliance on *Ruspantini* and *Pearlman* is misplaced, since those cases involved civil actions for damages wherein negligence in operating a motor vehicle was an element of liability and, therefore, the question of due care was at issue.

At the outset, we note this court's decision in *Brant* rejected an argument similar to that raised by the State. In *Brant*, the defendant contended he was not proved guilty beyond a reasonable doubt of failure to reduce speed to avoid an accident in violation of section 11—601(a) of the Code. This court reversed the conviction. The analysis in the *Brant* decision applies to the facts in the instant case. The evidence showed Brant to be intoxicated, but the State failed to produce any other evidence to sustain the charge that defendant drove carelessly and failed to reduce speed to avoid colliding with a person. The court found that the evidence of intoxication without more cannot support an inference of carelessness sufficient to satisfy the requirements of proof of the charge. In doing so, this court rejected the application of the doctrine of *res ipsa loquitur* and its logic, observing that on such logic anyone involved in an accident could properly be convicted for failure to reduce speed to avoid an

accident.

In *Holtz*, the defendant was found guilty of driving too fast for conditions in violation of section 11—601(a) of the Illinois Vehicle Code (Code) where the evidence indicated he was not driving at a rate of speed in excess of the posted limit. In addition, the State failed to introduce any evidence regarding the volume of traffic, weather conditions or road conditions at the time of the collision. The reviewing court therefore found that the State did not prove the essential elements of the offense, citing *People v. Mindock* (1970), 128 Ill. App. 2d 196, 261 N.E.2d 549.

In *Mindock*, the defendant was charged and found guilty of operating a motor vehicle at a speed too fast for conditions. The reviewing court reversed, finding that although the statute purported to regulate speed, neither from the State's argument nor the evidence could it be concluded that illegal speed was the basis of the judgment of conviction. The officer's testimony revealed no conditions requiring decreased speed or indicating that excess speed was the cause of the vehicle's leaving the road. *Mindock* stated that, assuming under the circumstances the precise speed of the vehicle need not be shown, nevertheless the conditions requiring such lesser speed are indispensable elements of the offense.

Stipulated facts in this case prove the defendant was intoxicated and that he lost control of the car. The evidence presented by the stipulated facts is insufficient to find the defendant Sampson guilty of driving too fast for conditions. We find *Holtz, Mindock,* and *Brant* controlling and, in view of the dearth of evidence in the record as to the posted rate of speed, the rate of speed at which defendant was traveling, or the conditions or circumstances at the time of the charged offense—apart from his intoxication—hold that the State did not prove the essential elements of the offense. The defendant's conviction on that charge must be reversed.

■ We next consider defendant's final argument on appeal, that section 2—7(2) of the Act is unconstitutional. The section provides:

> "(2) Subject to paragraph (5) of Section 3—6, any minor alleged to have committed a traffic, boating or fish and game law violation whether or not the violation is punishable by imprisonment or an offense punishable by fine only may be prosecuted therefor and if found guilty punished under any statute or ordinance relating thereto, without reference to the procedures set out in this Act." (Ill. Rev. Stat. 1983, ch. 37, par. 702—7(2).)

Section 3—6(5) states:

"(5) No minor under 16 years of age may be confined in a jail or place ordinarily used for the confinement of prisoners in a police station. Minors under 17 years of age must be kept separate from confined adults and may not at any time be kept in the same cell, room, or yard with adults confined pursuant to the criminal law." (Ill. Rev. Stat. 1983, ch. 37, par. 703—6(5).)

Section 2—7(2) was amended by Public Act 82—973, effective September 8, 1982, to include the phrase "whether or not the violation is punishable by imprisonment." Defendant claims that once the State has granted all juveniles the right to the protections of the Act, removal from those protections without a hearing violates Federal and State constitutional provisions of due process. The rule is familiar that a nonjurisdictional question which has not been presented in the trial court and preserved for review will not be considered on appeal. (*People v. Amerman* (1971), 50 Ill. 2d 196, 279 N.E.2d 353.) In the trial court defendant neither requested such a hearing nor argued that he was entitled to one on due process grounds, and we therefore decline to address it.

■ Defendant also claims that the automatic prosecution of juvenile traffic offenders under the applicable statute or ordinance without the protections of the Act creates an impermissible, arbitrary statutory classification that has no rational basis and violates equal protection.

As this court noted in *People v. Burton* (1981), 100 Ill. App. 3d 1021, 1023-24, 427 N.E.2d 625, 628-29, an equal protection discussion involves a two-step analysis. The threshold question is whether similarly situated persons are being treated dissimilarly. (See *People v. Bradley* (1980), 79 Ill. 2d 410, 416, 403 N.E.2d 1029, 1031.) The second inquiry is whether the dissimilar treatment "rationally furthers some legitimate, articulated state purpose." (*McGinnis v. Royster* (1973), 410 U.S. 263, 270, 35 L. Ed. 2d 282, 289, 93 S. Ct. 1055, 1059.) The standard of review applicable to this statutory classification under the equal protection clause is the basic standard, permissive review, under which classifications rationally related to legitimate governmental objectives are permitted, and the burden is on the party challenging the validity of the classification to prove that it is arbitrary. (*People v. Ellis* (1974), 57 Ill. 2d 127, 131, 311 N.E.2d 98, 100.) We begin with the presumption that the classification is valid and, if any state of facts may reasonably be conceived which would justify the classification, it must be upheld, as the right of judicial questioning of a classification under the equal protection clause

is limited. (*People v. McCabe* (1971), 49 Ill. 2d 338, 340-41, 275 N.E.2d 407, 409.) It is further noted that the constitutionality of section 2—7(6)(a) of the Act, requiring certain minors to be prosecuted as criminals, has been upheld (see *People v. J.S.* (1984), 103 Ill. 2d 395, 469 N.E.2d 1090; *People v. Reed* (1984), 125 Ill. App. 3d 319, 465 N.E.2d 1040).

Defendant maintains that equal protection is violated because juvenile traffic offenders are similarly situated as to other juvenile misdemeanants and, although the offenses are different, they are of the same quality. He states that a juvenile who drinks and drives poses the same danger to society as one who wields a gun, and that a minor who drives too fast for conditions poses the same menace and harm to society as one who commits vandalism. He claims that no rational basis exists to support different treatment for juvenile traffic offenders and urges that withholding from these juveniles a proceeding generally made available to other juveniles is analogous to the issue considered in *Baxstrom v. Herold* (1966), 383 U.S. 107, 15 L. Ed. 2d 620, 86 S. Ct. 760.

We do not believe that defendant has met his burden with regard to the first step in equal protection analysis, as he has not shown that similarly situated individuals are being treated differently. We find that juvenile traffic offenders are a group qualitatively distinct from other juveniles to whom the procedures of the Act may apply. The legislature was therefore free to provide different treatment for the two groups.

Further, the State has argued various bases for the distinction. The State maintains that since the purposes of the Act are primarily remedial and preventive in nature, the legislature could rationally conclude that these purposes are not necessary or appropriate in traffic violation cases, and that protections otherwise afforded minors under the Act (*i.e.*, notice to parents, clearing the courtroom before proceedings, and appointment of a guardian *ad litem* where necessary) ought not be applied. In contrast to defendant's bare assertion that the prosecution of juvenile traffic offenders in criminal court is arbitrary and has punishment as its only conceivable purpose, the State points out that driving is generally considered to be an adult activity (although the privilege of driving has been extended to those as young as age 16), and that most traffic cases are routine in nature and not difficult of proof. The State argues that given the relatively large volume of traffic offenses committed by minors, the legislature could reasonably conclude that the protections and procedures of the Act are neither appropriate nor necessary in such cases.

*Baxstrom* is distinguishable. That case involved an equal protection challenge to established statutory procedures under which all persons civilly committed, other than those committed at the expiration of a penal term, were expressly granted the right to *de novo* review by jury trial of the question of their sanity. The court found the statutory classification capricious, noting that (1) classification of mentally ill persons as either insane or dangerously insane had no relevance in the context of the opportunity to show whether a person is mentally ill at all, and (2) under the classification, a person with a past criminal record was entitled to a hearing on the question of whether he was dangerously mentally ill if not in prison when civil commitment proceedings were instituted. Given this distinction, the court found that all semblance of rationality of the classification, purportedly based upon criminal propensities, disappeared. Such is not the case here.

We hold that the offenses omitted from section 2—7(2) coverage are not "intrinsically similar" to those listed (*Skinner v. Oklahoma* (1942), 316 U.S. 535, 541, 86 L. Ed. 1655, 1660, 62 S. Ct. 1110, 1113), and that there is clearly a rational basis for a distinction (*Skinner v. Oklahoma* (1942), 316 U.S. 535, 86 L. Ed. 1655, 62 S. Ct. 1110; *People v. Bradley* (1980), 79 Ill. 2d 410, 403 N.E.2d 1029; *People v. McCabe* (1971), 49 Ill. 2d 338, 275 N.E.2d 407). We hold that section 2—7(2) of the Act does not deprive such minors of their right to equal protection of the law.

We affirm the judgment in No. 4—84—0300 (DUI), and reverse the judgment in No. 4—84—0573 (driving too fast for conditions).

Affirmed in part; reversed in part.

MILLS and TRAPP, JJ., concur.