**2023 IL 127678**


# IN THE

# SUPREME COURT

# OF

# THE STATE OF ILLINOIS

_____


(Docket No. 127678)

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v.
MATTISON J. GALARZA, Appellant.


*Opinion filed February 2, 2023.*


JUSTICE HOLDER WHITE delivered the judgment of the court, with opinion.

Chief Justice Theis and Justices Neville and Overstreet concurred in the judgment and opinion.

Justices Cunningham, Rochford, and O'Brien took no part in the decision.


## OPINION

¶ 1 Following a March 2018 stipulated bench trial, the Will County circuit court found defendant, Mattison J. Galarza, guilty of driving under the influence of alcohol (DUI) (625 ILCS 5/11-501(a)(1) (West 2016)), failure to reduce speed to avoid an accident (*id.* § 11-601(a)), and operating an uninsured motor vehicle (*id.*

§ 3-707). Defendant appealed, arguing (1) the State failed to prove him guilty beyond a reasonable doubt of failure to reduce speed to avoid an accident and operating an uninsured motor vehicle and (2) his stipulated bench trial was tantamount to a guilty plea, such that the trial court erred in failing to admonish him pursuant to Illinois Supreme Court Rule 402(a) (eff. July 1, 2012). The appellate court affirmed defendant's conviction for failure to reduce speed to avoid an accident, finding the State proved beyond a reasonable doubt that defendant drove carelessly and failed to reduce speed to avoid colliding with the tree. 2021 IL App (3d) 190129-U, ¶¶ 19-20. As to the conviction for operating an uninsured motor vehicle, the State conceded error, and the court accepted the State's confession of error and reversed the operating an uninsured motor vehicle conviction. *Id.* ¶ 24. The court further determined the trial court was not required to admonish defendant pursuant to Rule 402(a), as defendant's stipulated bench trial was not tantamount to a guilty plea. *Id.* ¶ 27.

¶ 2        In this appeal, defendant argues (1) the State failed to prove him guilty of failure to reduce speed to avoid an accident beyond a reasonable doubt and (2) his stipulated bench trial was tantamount to a guilty plea, thus the trial court erred when it failed to admonish him pursuant to Rule 402(a). For the following reasons, we affirm.

¶ 3                                I. BACKGROUND

¶ 4        In August 2016, defendant was charged with two counts of DUI (625 ILCS 5/11-501(a)(1) (West 2016)), one count of failure to reduce speed to avoid an accident (*id.* § 11-601(a)), and one count of operating an uninsured motor vehicle (*id.* § 3-707). The charges stemmed from a single-vehicle accident that occurred on August 27, 2016, at approximately 5 a.m.

¶ 5                            A. Trial Court Proceedings

¶ 6        In March 2018, the matter proceeded to a stipulated bench trial. At the stipulated bench trial, the trial court considered the following evidence: (1) a case report written by responding officer Ryan Albin from the Will County Sheriff's Office, (2) patient care reports from the Wilmington Fire Protection District describing the

care and treatment paramedics provided to defendant and Jordan Taylor, a passenger in the vehicle when the accident occurred, and (3) the vehicle's registration information.

¶ 7       Reports from the Wilmington Fire Protection District showed paramedics responded to the scene of the accident on August 27, 2016, at approximately 5 a.m. Upon arrival, paramedics observed a single vehicle crashed "into a tree head on with airbag deployment." Paramedics found Taylor alert and sitting in the vehicle's driver's seat. Taylor told paramedics "her boyfriend was driving and jerked the wheel hitting the tree." Paramedics detected the odor of an alcoholic beverage on Taylor's breath.

¶ 8       Paramedics found defendant sitting on the ground outside of the vehicle. Defendant told paramedics he injured his knee in a prior accident and aggravated the injury "when he went to step out of the vehicle and slipped in the grass." While defendant told paramedics he was fine, he was unable to stand on his own because of his injured knee. Both Taylor and defendant refused medical treatment.

¶ 9       Officer Albin's case report further provided that he and another officer arrived on the scene shortly after the paramedics and observed a gray Chevrolet Cruze with "heavy front end damage against a tree." Officer Albin found an empty bottle of vodka on the floor in front of the vehicle's passenger seat and discovered defendant's cell phone wedged in the driver's seat.

¶ 10      When Officer Albin spoke with defendant, he noted that defendant's eyes were bloodshot and glassy, he smelled a strong odor of an alcoholic beverage on defendant's breath, and defendant slurred his speech when he spoke. Defendant told Officer Albin that he and Taylor consumed mixed alcoholic beverages at a bar earlier that night but stated "he or Taylor did not have any alcohol in his vehicle." Defendant also admitted to Officer Albin that "he was the driver." The vehicle's registration information showed the Chevrolet Cruze was registered to defendant.

¶ 11      Officer Albin noted he attempted to conduct standardized field sobriety testing on defendant but that defendant could not complete the walking portion of the test due to the "knee pain [he] sustained from the accident." Officer Albin further provided that defendant failed a horizontal gaze nystagmus test. Defendant took a

portable breath test that showed his blood-alcohol concentration (BAC) was 0.203. Subsequently, Officer Albin placed defendant under arrest for DUI.

¶ 12 Following the presentation of the stipulated evidence, defense counsel argued, "our main position is that [defendant] was not the driver of the vehicle." Rather, counsel argued Taylor was the driver when the accident occurred. Specifically, counsel stated,

"I think what's pretty clear from an unbiased perspective are the paramedics who are the first to arrive on scene and actually saw the repercussions of an accident. And when they arrived, they saw Jordan Taylor in the driver's seat with the air bags deployed, Judge, and they saw [defendant] as the passenger kind of on the floor.

While the vehicle was registered to [defendant], there is plenty of situations where other people let someone else drive. That's his car so the cell phone could be anywhere, Judge. It's really the paramedics [that] saw someone else as the driver, Jordan Taylor. There should be no weight according to any other testimony or statements, just that's clear, unbiased eyewitnesses, Judge."

Subsequently, the trial court took the matter under advisement.

¶ 13 In May 2018, the trial judge found defendant guilty of DUI, failure to reduce speed to avoid an accident, and operating an uninsured motor vehicle. As to the failure to reduce speed to avoid an accident charge, the judge stated, "I guess it's an appropriate charge for a one car accident in that fashion. The Court finds him guilty on that."

¶ 14 In June 2018, defendant filed a motion to reconsider the finding of guilty or, in the alternative, a motion for a new trial. In the motion to reconsider, defendant asked the trial court to reconsider its finding of guilty where evidence showed Taylor was the driver, not defendant. In the alternative, defendant asked the court to reopen proofs to allow defendant and the paramedics to testify or grant him a new trial. Following a February 2019 hearing on the motion to reconsider, the court denied the motion.

¶ 15 In March 2019, the trial court sentenced defendant to 24 months' conditional discharge, 17 days in jail, and 240 hours of community service and ordered him to

pay several fines and fees.

¶ 16                           B. Appellate Court Proceedings

¶ 17        On appeal, defendant argued (1) the State failed to prove him guilty beyond a
reasonable doubt of failure to reduce speed to avoid an accident and operating an
uninsured motor vehicle and (2) his stipulated bench trial was tantamount to a guilty
plea, such that the trial court erred in failing to admonish him pursuant to Illinois
Supreme Court Rule 402(a) (eff. July 1, 2012). 2021 IL App (3d) 190129-U, ¶ 2.

¶ 18        The Third District affirmed defendant's conviction for failure to reduce speed
to avoid an accident and reversed his conviction for operating an uninsured motor
vehicle. *Id.* ¶¶ 21, 24. As to defendant's conviction for failure to reduce speed to
avoid an accident, the appellate court found the State proved beyond a reasonable
doubt that defendant drove carelessly and failed to reduce speed to avoid colliding
with the tree. *Id.* ¶¶ 19-20. The court determined "the combination of defendant's
act of jerking the wheel and a high BAC readily established the careless driving
element." *Id.* ¶ 19. The court found the record also established defendant failed to
reduce speed to avoid colliding with the tree. *Id.* ¶ 20. Specifically, the court stated,
"[t]he very fact that defendant hit the tree establishes that he failed to reduce speed
to avoid this accident." *Id.* The court acknowledged that *People v. Brant*, 82 Ill.
App. 3d 847, 852 (1980), and *People v. Sampson*, 130 Ill. App. 3d 438, 444 (1985),
had reached the opposite conclusion, finding the "failure to reduce speed cannot be
inferred from the fact that a defendant was involved in an accident because any
individual involved in an accident would then be guilty of the offense." 2021 IL
App (3d) 190129-U, ¶ 21. However, the court was unpersuaded by the rationale in
*Brant* and *Sampson*. *Id.*

¶ 19        The appellate court further concluded defendant's bench trial was not
tantamount to a guilty plea. *Id.* ¶ 27. The court acknowledged that there are two
circumstances under which a stipulated bench trial is considered tantamount to a
guilty plea but found neither circumstance existed in this case (see *People v.
Clendenin*, 238 Ill. 2d 302, 322 (2010)). 2021 IL App (3d) 190129-U, ¶ 26.
Specifically, the court found defendant failed to functionally admit his guilt when
he preserved a defense by maintaining that Taylor was the driver of the vehicle. *Id.*
¶ 27. The court also determined neither defendant nor defense counsel stated on the

record that the stipulated evidence was sufficient to convict defendant. *Id.* Accordingly, the appellate court held that the trial court was not required to admonish defendant pursuant to Rule 402(a), as defendant's stipulated bench trial was not tantamount to a guilty plea. *Id.*

¶ 20 This court allowed defendant's petition for leave to appeal. Ill. S. Ct. R. 315(a) (eff. Oct. 1, 2020).

¶ 21 II. ANALYSIS

¶ 22 In this appeal, defendant argues (1) the State failed to prove him guilty of failure to reduce speed to avoid an accident beyond a reasonable doubt and (2) his stipulated bench trial was tantamount to a guilty plea, thus the trial court erred when it failed to admonish him pursuant to Illinois Supreme Court Rule 402(a) (eff. July 1, 2012). We review each issue in turn.

¶ 23 A. Sufficiency of the Evidence

¶ 24 Defendant argues the State failed to prove him guilty of failure to reduce speed to avoid an accident beyond a reasonable doubt where the stipulated evidence only showed he was driving while intoxicated and jerked the steering wheel for an unknown reason. The State disagrees and argues the lower courts correctly found the stipulated evidence was sufficient to support defendant's conviction for failure to reduce speed to avoid an accident. We agree with the State.

¶ 25 When considering the sufficiency of the evidence, we determine whether, after viewing the evidence in the light most favorable to the State, any rational trier of fact could have found the required elements of the crime beyond a reasonable doubt. *People v. Bradford*, 2016 IL 118674, ¶ 12. "It is the responsibility of the trier of fact to resolve conflicts in the testimony, weigh the evidence, and draw reasonable inferences from the facts." *Id.* "[T]he trier of fact is not required to disregard inferences which flow normally from the evidence and to search out all possible explanations consistent with innocence and raise them to a level of reasonable doubt." *People v. Hall*, 194 Ill. 2d 305, 332 (2000). "[I]n a bench trial it is the province of the trial court to determine the credibility and weight of the

- 6 -

testimony, to resolve the inconsistencies and conflicts therein, and to render its decision accordingly." *People v. Berland*, 74 Ill. 2d 286, 305-06 (1978).

¶ 26       "[A] reviewing court will not substitute its judgment for the fact finder on questions involving the weight of the evidence or the credibility of the witnesses." *Bradford*, 2016 IL 118674, ¶ 12. "All reasonable inferences are drawn in favor of a finding of guilt." *People v. Swenson*, 2020 IL 124688, ¶ 35. "A conviction will be reversed only where the evidence is so unreasonable, improbable, or unsatisfactory that it justifies a reasonable doubt of the defendant's guilt." *People v. Belknap*, 2014 IL 117094, ¶ 67.

¶ 27       "Circumstantial evidence is sufficient to sustain a criminal conviction, provided that such evidence satisfies proof beyond a reasonable doubt of the elements of the crime charged." *Hall*, 194 Ill. 2d at 330. "The trier of fact need not, however, be satisfied beyond a reasonable doubt as to each link in the chain of circumstances. It is sufficient if all of the evidence taken together satisfies the trier of fact beyond a reasonable doubt of the defendant's guilt." *Id.* (citing *People v. Jones*, 105 Ill. 2d 342, 350 (1985)).

¶ 28       Section 11-601(a) of the Illinois Vehicle Code (625 ILCS 5/11-601(a) (West 2016)) provides:

"No vehicle may be driven upon any highway of this State at a speed which is greater than is reasonable and proper with regard to traffic conditions and the use of the highway, or endangers the safety of any person or property. The fact that the speed of a vehicle does not exceed the applicable maximum speed limit does not relieve the driver from the duty to decrease speed when approaching and crossing an intersection, approaching and going around a curve, when approaching a hill crest, when traveling upon any narrow or winding roadway, or when special hazard exists with respect to pedestrians or other traffic or by reason of weather or highway conditions. Speed must be decreased as may be necessary to avoid colliding with any person or vehicle on or entering the highway in compliance with legal requirements and the duty of all persons to use due care."

¶ 29       To prove defendant guilty of failure to reduce speed to avoid an accident, the State had to establish beyond a reasonable doubt that defendant drove carelessly

and failed to reduce speed to avoid colliding with the tree. See *id.* § 11-601(a); *In re Vitale*, 71 Ill. 2d 229, 238 (1978), *vacated and remanded on other grounds*, 447 U.S. 410 (1980).

¶ 30        Defendant first argues the State failed to prove he drove carelessly under the circumstances. In support of his argument, defendant cites *People v. Schumann*, 120 Ill. App. 3d 518 (1983). In *Schumann*, the appellate court found the trier of fact could infer that the defendant was driving carelessly and failed to reduce speed based on the facts surrounding the accident. *Id.* at 526. The evidence showed the victim was driving at night with her headlights and taillights illuminated, in the center lane of the roadway, traveling "45 miles per hour in a 50-mile-per-hour zone." *Id.* at 525. The victim saw no vehicles ahead of her or behind her on the road when she was suddenly struck from behind by the defendant's vehicle, which was subsequently found in the ditch. *Id.*

¶ 31        Here, defendant argues the State failed to provide any evidence of the circumstances surrounding the accident where the stipulated evidence did not reveal any information about a potential obstruction in the road, where the tree was located in relation to the road, the conditions of the road, or the relative speed at which the vehicle was traveling. Thus, defendant asserts the stipulated evidence that he drove while intoxicated and jerked the steering wheel for an unknown reason causing the vehicle to collide with a tree was insufficient to prove the careless driving element.

¶ 32        While defendant admits he was intoxicated, he notes that evidence of intoxication, without more, does not prove he was driving carelessly. See *Brant*, 82 Ill. App. 3d at 851-52 (stating evidence of intoxication without more cannot support an inference of carelessness sufficient to satisfy the requirements of proof of failure to reduce speed to avoid an accident); *Sampson*, 130 Ill. App. 3d at 443-44. Rather, defendant contends the State needed to prove he drove carelessly in addition to being intoxicated. Defendant argues the State failed to do so.

¶ 33        Section 11-601(a) of the Vehicle Code (625 ILCS 5/11-601(a) (West 2016)) imposes a duty upon all motorists to exercise "due care." This court defines "due care" as " 'that degree of care which ordinarily prudent persons are accustomed to exercise under the same or similar circumstances.' " *People v. Wawczak*, 109 Ill.

2d 244, 250 (1985) (quoting *Roberts v. Chicago City Ry. Co.*, 262 Ill. 228, 233 (1914)).

¶ 34    When we view the stipulated evidence in the light most favorable to the State, we find the State provided sufficient evidence for the trial court to conclude defendant drove carelessly. The stipulated evidence showed defendant drove while intoxicated where he registered a BAC of 0.203. Officer Albin also found defendant's cell phone wedged in the driver's seat. Further, Taylor told paramedics defendant was driving when he jerked the wheel, resulting in the vehicle hitting a tree.

¶ 35    Given that all reasonable inferences are drawn in favor of a finding of guilt (*Swenson*, 2020 IL 124688, ¶ 35), we agree with the appellate court and find a combination of defendant's act of jerking the wheel and driving with a high BAC allowed the fact finder to draw a reasonable inference that defendant drove carelessly where he failed to act as an ordinarily prudent person under the circumstances. Accordingly, we reject defendant's assertion that the State failed to prove he drove carelessly.

¶ 36    Defendant also argues the State could not establish that he failed to reduce his speed to avoid colliding with the tree. Specifically, defendant asserts a conviction for failure to reduce speed cannot rest only on the fact that there was a collision. In support of his argument, defendant cites *Brant*, 82 Ill. App. 3d at 852, and *Sampson*, 130 Ill. App. 3d at 443-44. In *Brant*, the State argued the doctrine of *res ipsa loquitur* applied and asserted, "because defendant hit the car[,] he therefore must not have reduced his speed to avoid the accident." 82 Ill. App. 3d at 852. However, the appellate court rejected the State's argument, stating, "Based on the logic of that argument, anyone involved in an accident could properly be convicted for failure to reduce speed to avoid an accident." *Id.* Thus, the appellate court found the State failed to prove the failure to reduce speed element, where the failure to reduce speed "cannot be inferred merely from the fact of the collision." *Id.*

¶ 37    The appellate court in *Sampson* relied on the above analysis in *Brant* to reject the State's argument "that the law presumes where a vehicle runs into a parked vehicle or object at the side of the road, the accident would not have occurred had due care been used." *Sampson*, 130 Ill. App. 3d at 443. In *Sampson*, the stipulated facts showed that the defendant was intoxicated and lost control of the car, hitting

a telephone pole. *Id.* at 440, 444. The appellate court found the evidence presented was insufficient to find the defendant guilty of driving too fast for conditions where, apart from the defendant's intoxication, the State did not prove the essential elements of the offense. *Id.* at 444.

¶ 38 Here, the appellate court acknowledged its holding was in direct conflict with *Brant* and *Sampson* (2021 IL App (3d) 190129-U, ¶ 21), where it found "[t]he very fact that defendant hit the tree establishes that he failed to reduce speed to avoid this accident" (*id.* ¶ 20). Given that, in order to sustain a conviction for failure to reduce speed to avoid an accident, the State is required to prove careless driving and the failure to reduce speed to avoid an accident, the physical act of hitting the tree alone is not sufficient to meet the State's burden. Even so, we affirm the appellate court because, in this instance, the evidence went beyond only establishing the physical act of hitting the tree. This court is not bound by the appellate court's reasoning and may affirm on any basis supported by the record. See *People v. Williams*, 2016 IL 118375, ¶ 33.

¶ 39 Section 11-601(a) of the Vehicle Code (625 ILCS 5/11-601(a) (West 2016)) does not require proof that defendant was exceeding the applicable speed limit to find failure to reduce speed to avoid a collision because the offense can be committed regardless of the speed of defendant's vehicle or the relevant speed limit. See also *People v. Sturgess*, 364 Ill. App. 3d 107, 116 (2006) (citing *People v. Luka*, 184 Ill. App. 3d 84, 86 (1989)). Rather, the State needed to prove defendant failed to decrease his speed as may be necessary to avoid colliding with any person or vehicle. See 625 ILCS 5/11-601(a) (West 2016).

¶ 40 As stated above, the stipulated evidence showed defendant drove while intoxicated and jerked the steering wheel, resulting in his vehicle colliding with the tree. The State further argues circumstantial evidence suggests the collision occurred at a high rate of speed, where defendant's car sustained "heavy front end damage," defendant injured his knee, and the airbags deployed. We note it is not clear from the record whether defendant injured his knee in the accident or aggravated a prior knee injury when he stepped out of the vehicle after the accident. Officer Albin's report states defendant could not complete the walking portion of the test due to the "knee pain [defendant] sustained from the accident." However, the Wilmington Fire Protection District care report provided that defendant told

paramedics he injured his knee in a prior accident and aggravated the injury "when he went to step out of the vehicle and slipped in the grass."

¶ 41 While the State did not present physical evidence as to whether defendant reduced his speed before hitting the tree, such as the presence or lack of skid mark evidence on the pavement (*Watkins v. Schmitt*, 172 Ill. 2d 193, 208 (1996) (stating evidence of skid marks " 'tends to establish excessive speed' " (quoting *Young v. Patrick*, 323 Ill. 200, 202 (1926)))), we find the trier of fact could draw reasonable inferences from the circumstantial evidence—heavy front end damage to vehicle and airbag deployment—that defendant failed to reduce his speed before hitting the tree. See *Hall*, 194 Ill. 2d at 330 (stating "[c]ircumstantial evidence is sufficient to sustain a criminal conviction, provided that such evidence satisfies proof beyond a reasonable doubt of the elements of the crime charged"). The trier of fact is not required to disregard inferences that logically flow from the evidence. *Id.* at 332. Thus, when looking at the stipulated evidence in its entirety, we find the State presented sufficient evidence to prove defendant failed to reduce his speed to avoid colliding with the tree.

¶ 42 Accordingly, when viewing the stipulated evidence in the light most favorable to the State, we find a rational trier of fact could have found defendant guilty beyond a reasonable doubt of failure to reduce speed to avoid an accident. We next turn to whether defendant's stipulated bench trial was tantamount to a guilty plea, such that the trial court erred in failing to admonish him pursuant to Rule 402(a).

¶ 43                              B. Stipulated Bench Trial

¶ 44 Defendant argues his stipulated bench trial was tantamount to a guilty plea such that the trial court erred in failing to admonish him pursuant to Illinois Supreme Court Rule 402(a) (eff. July 1, 2012). The State argues defendant forfeited this issue and the trial court did not commit plain error by omitting Rule 402(a) admonishments because defendant's stipulated bench trial was not tantamount to a guilty plea.

¶ 45 To preserve an error for consideration on appeal, a defendant must object to the error at trial and raise the error in a posttrial motion. *People v. Sebby*, 2017 IL 119445, ¶ 48. Failure to do so constitutes forfeiture. *Id.* However, this court may

consider a forfeited claim where the defendant demonstrates a plain error occurred. Ill. S. Ct. R. 615(a) (eff. Jan. 1, 1967). To prevail under the plain error doctrine, the defendant must first demonstrate a clear and obvious error occurred. *People v. Piatkowski*, 225 Ill. 2d 551, 565 (2007). If an error occurred, this court will only reverse where (1) "the evidence is so closely balanced that the error alone threatened to tip the scales of justice against the defendant, regardless of the seriousness of the error" or (2) the "error is so serious that it affected the fairness of the defendant's trial and challenged the integrity of the judicial process, regardless of the closeness of the evidence." *Id.*

¶ 46     Based on the record, we find defendant failed to raise this issue—that his stipulated bench trial was tantamount to a guilty plea such that the trial court erred in failing to admonish him pursuant to Rule 402(a)—at the stipulated bench trial or in his posttrial motion. Thus, defendant forfeited this issue on appeal. See *Sebby*, 2017 IL 119445, ¶ 48. Accordingly, we first turn to whether a clear or obvious error occurred.

¶ 47     A stipulated bench trial is tantamount to a guilty plea under two circumstances: "(1) the State's entire case is to be presented by stipulation *and* the defendant does not present or preserve a defense; *or* (2) the stipulation includes a statement that the evidence is sufficient to convict the defendant." (Emphases in original.) *Clendenin*, 238 Ill. 2d at 322. If a stipulated bench trial is tantamount to a guilty plea, the trial court must give the defendant guilty plea admonishments pursuant to Rule 402(a). *People v. Horton*, 143 Ill. 2d 11, 21 (1991). Whether a defendant's stipulated bench trial is tantamount to a guilty plea is a question of law, which is reviewed *de novo*. *People v. Foote*, 389 Ill. App. 3d 888, 893 (2009).

¶ 48     In determining whether defendant's stipulated bench trial was tantamount to a guilty plea, we look to the two categories specified in *Clendenin*. Initially, we note defendant concedes the stipulation did not include an express statement that the evidence was sufficient to convict. In looking at the record, we agree with defendant that neither defendant nor defense counsel stated that the stipulated evidence was sufficient to convict defendant.

¶ 49     According to defendant, his stipulated bench trial was tantamount to a guilty plea because defense counsel did not present or preserve a defense at his stipulated bench trial. Defendant notes that counsel stipulated to all of the facts in the State's

case-in-chief and only attempted to deny one of the stipulated facts—that defendant was the driver of the vehicle. Defendant argues that, because his defense was only the denial of the very facts to which he stipulated, his bench trial was tantamount to a guilty plea. In support of his argument, defendant cites *People v. Russ*, 31 Ill. App. 3d 385 (1975). In *Russ*, the appellate court explained that merely denying stipulated facts, without more, cannot constitute a meaningful defense in the context of a stipulated bench trial. *Id.* at 389, 392.

¶ 50    Defendant recognizes that courts, including the court below, have held that a defendant presents and preserves a defense by generally arguing against the sufficiency of the evidence and therefore the stipulated bench trial is not the fundamental equivalent of a guilty plea. See *Foote*, 389 Ill. App. 3d at 894-95; 2021 IL App (3d) 190129-U, ¶ 27 (citing *People v. Taylor*, 2018 IL App (2d) 150995, ¶ 12). However, defendant argues these cases should be overruled insofar as they hold that a defendant presents or preserves a defense by generally offering any argument against the sufficiency of the evidence, regardless of how frivolous and unsupported by the evidence the "defense" may be. We disagree with defendant and decline his suggestion that we overrule these cases.

¶ 51    Following the presentation of the stipulated evidence, defendant did more than deny stipulated facts, he presented a defense. Defendant challenged the sufficiency of the evidence. Specifically, defense counsel argued, "our main position is that [defendant] was not the driver of the vehicle." Counsel asserted the evidence showed Taylor was the driver of the vehicle when the accident occurred, as paramedics found Taylor in the driver's seat "with the air bags deployed, Judge, and they saw [defendant] as the passenger kind of on the floor." While the stipulated evidence showed defendant admitted to Officer Albin that "he was the driver," defendant's defense to the contrary presented a genuine question of fact for the trial court to decide.

¶ 52    Accordingly, we find defendant's stipulated bench trial was not tantamount to a guilty plea, and the trial court was not required to provide Rule 402(a) admonishments. See *Horton*, 143 Ill. 2d at 21. Given the trial court committed no clear or obvious error, further plain error review is unwarranted.

¶ 53                                    III. CONCLUSION

- 13 -

¶ 54    For the foregoing reasons, we affirm the judgment of the appellate court, which affirmed defendant's conviction and sentence for failure to reduce speed to avoid an accident.

¶ 55    Affirmed.

¶ 56    JUSTICES CUNNINGHAM, ROCHFORD, and O'BRIEN took no part in the consideration or decision of this case.