**People of the State of Illinois, Plaintiff-Appellee, v. Greg Mindock, Defendant-Appellant.**

Gen. No. 69–40.

Third District.

August 20, 1970.

Kevin Kelly, of LaSalle, for appellant.

Robert E. Richardson, State's Attorney of LaSalle County, of Ottawa, for appellee.

STOUDER, J.

Defendant-Appellant, Greg Mindock, was charged with operating a motor vehicle at a speed "Too fast for conditions" in violation of Ill Rev Stats 1967, c 95½, § 146. After a bench trial in the Circuit Court of LaSalle County, the defendant was found guilty and fined $10. This is an appeal from such judgment and fine.

The only testimony presented at the hearing was that of the arresting officer. At the close of his testimony, defendant moved for judgment of acquittal for the reason that such testimony was insufficient to prove defendant guilty of the offense alleged beyond a reasonable doubt. The court denied such motion and found defendant guilty.

Since the police officer's testimony was the only evidence presented to the court, the following facts necessarily are the substance of such officer's testimony.

According to the officer, he received a call from his headquarters to report to the scene where an accident had occurred, which was about one-half to three-fourths of a mile from his headquarters at 12:15 a. m. on July 16, 1968. The road at the scene was two-lane and it ran north and south in a flat area. At the scene there was a gradual curve to the west. As to the speed limit at the area, it is an open zone. He found defendant's automobile on the shoulder of the road headed west at right angles to the road three or four feet off the highway. He found gravel and tire marks, not actual skid marks, on the road next to the automobile and south of it, which were not measurable. These marks were in the northbound lane and led up to the car in the ditch. From the gravel and smudge marks, he could see the car made a complete turn in the roadway. The car was about in the middle of the curve.

197

When he arrived at the scene, he had a conversation with the defendant, who stated he was driving the car. There was very little damage done to the automobile which was hung up in the ditch along the highway. The defendant said he was northbound on Airport Road, that he had no mechanical problems with the car and that he had not been drinking. He didn't know what happened, but that all of a sudden he was going the wrong way and ended up where he did. The approximate length of the tire marks described was between 40 and 50 feet. The road shoulders were gravel and dropped off from the roadway from an inch to an inch and a half. They vary in width.

Section 146, chapter 95½, Ill Rev Stats 1967, provides, "No person shall drive any vehicle upon any public highway of this State at a speed which (1) is greater than is reasonable and proper with regard to traffic conditions and the use of the highway, or endangers the safety of any person or property; or (2) is greater than the applicable maximum speed limit established by this Section or by a regulation or ordinance made pursuant to the provisions of this Article. The fact that the speed of a vehicle does not exceed the applicable maximum speed limit does not relieve the driver from the duty to decrease speed . . . when approaching and going around a curve . . . or when special hazard exists with respect to pedestrians or other traffic or by reason of weather or highway conditions . . . ."

In support of the judgment of the trial court, the State argues that the defendant was ". . . charged with and was convicted by the trier of fact of driving his vehicle beyond his personal capacity to operate a car safely." It is not difficult to conclude from the argument of the State that the defendant was, in fact, not found guilty of violating the Statute. The Statute purports to regulate speed and yet neither in the State's argument, nor the

evidence itself can we conclude illegal speed was the basis of the judgment of conviction.

■ Where violation of the Motor Vehicle Act is charged, the burden of proof required to sustain a conviction is the same as in any other criminal case. People v. Strangeland, 76 Ill App2d 77, 220 NE2d 748. The court in People v. Pearlman, 15 Ill App2d 239, 145 NE2d 762, sets forth at length the many considerations which require that traffic cases receive the same judicious consideration as required in other criminal cases.

■ The Statute provides that operating a motor vehicle at a speed less than the applicable maximum limitation may be improper, depending upon relevant conditions. By the terms of the Statute, if the vehicle is being operated at a speed less than the maximum applicable limitation, where there is no evidence to the contrary, it should be presumed or at least inferred, that the vehicle is being operated at an appropriate speed. To overcome such presumption or inference, it must be shown that the operative conditions required a lesser speed than the speed at which the vehicle was being driven. Assuming that under such circumstances the precise speed of the vehicle need not be shown, nevertheless, the conditions requiring such lesser speed are indispensable elements of the offense.

■ A review of the officer's testimony reveals no conditions requiring decreased speed or condition, indicating that excess speed was the cause of the vehicle leaving the roadway.

For the foregoing reasons, the judgment of the Circuit Court of LaSalle County is reversed.

Judgment reversed.

RYAN, P. J. and ALLOY, J., concur.