THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
ODELL JONES, Defendant-Appellant.

Fifth District   No. 5—89—0691

Opinion filed May 8, 1991.

Daniel M. Kirwan and Rita K. Peterson, both of State Appellate De-
fender's Office, of Mt. Vernon, for appellant.

Scott Mansfield, State's Attorney, of Belleville (Kenneth R. Boyle, Stephen E. Norris, and Scott A. Manuel, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE CHAPMAN delivered the opinion of the court:

Odell Jones was charged with armed robbery and two counts of attempted murder. Following an August 14, 1989, bench trial on stipulated evidence, the St. Clair County circuit court found defendant guilty of armed robbery. The two counts of attempted murder were dismissed, and Jones was sentenced to 15 years in the Department of Corrections.

On September 13, 1989, Jones filed a motion for a new trial alleging, *inter alia*, that he had not entered into the stipulation voluntarily because he did not understand the nature of the charge and the possible penalties and consequences of entering into such a stipulation. Following a hearing the court denied defendant's motion for a new trial. The issue on appeal is whether defendant's stipulated bench trial was tantamount to a guilty plea and, therefore, must be vacated because he was not admonished pursuant to Supreme Court Rule 402 (134 Ill. 2d R. 402).

At the stipulated bench trial, defense counsel informed the court that the State had agreed to move to dismiss the attempted murder counts. Defense counsel informed the court that she explained to the defendant that a stipulated bench trial is not a plea of guilty, but is simply a stipulation of what the evidence would be if the case proceeded to trial. Without reiterating the stipulated evidence, we will assume for purposes of this appeal that Jones' bench trial was tantamount to a guilty plea, thus necessitating Rule 402 admonishments.

Rule 402 provides in part:

"In hearings on pleas of guilty, there must be substantial compliance with the following:

(a) Admonitions to Defendant. The court shall not accept a plea of guilty without first, by addressing the defendant personally in open court, informing him of and determining that he understands the following:

(1) the nature of the charge;

(2) the minimum and maximum sentence prescribed by law, including, when applicable, the penalty to which the defendant may be subjected because of prior convictions or consecutive sentences;

(3) that the defendant has the right to plead not guilty, or to persist in that plea if it has already been made, or to plead guilty; and

(4) that if he pleads guilty there will not be a trial of any kind, so that by pleading guilty he waives the right to a trial by jury and the right to be confronted with the witnesses against him.

(b) Determining Whether the Plea is Voluntary. The court shall not accept a plea of guilty without first determining that the plea is voluntary." 134 Ill. 2d R. 402.

■■ ■ At a stipulated bench trial which is tantamount to a guilty plea, defendant is entitled to admonishments under Rule 402. (See *People v. Horton* (1991), 143 Ill. 2d 11.) The requirements of Rule 402 need only be substantially complied with to satisfy the requirements for due process. (*People v. Walker* (1985), 109 Ill. 2d 484, 498, 488 N.E.2d 529, 535, *cert. denied* (1986), 479 U.S. 995, 93 L. Ed. 2d 598, 107 S. Ct. 598.) The entire record will be considered to determine whether the defendant understood the nature of the charge or charges to which he was pleading. (*Walker*, 109 Ill. 2d at 499, 488 N.E.2d at 535, citing *People v. Stewart* (1984), 101 Ill. 2d 470, 484, 463 N.E.2d 677, 685.) In this case, after the prosecutor and defense counsel informed the court that they had agreed to a stipulated bench trial, the following exchange took place between the court and the defendant:

"THE COURT: Okay. Mr. Jones, do you understand what the attorneys have proposed or suggested here?

THE DEFENDANT: Yes, sir.

THE COURT: Okay. Any question at all in your mind concerning what the parties here, I assume including you, what you intend to do here today?

THE DEFENDANT: No, sir.

THE COURT: And is it your understanding that should you stipulate to the evidence that the State would be prepared to present against you, that in all probability it would result in a finding of guilty on the Armed Robbery count?

THE DEFENDANT: Yes, sir.

THE COURT: And based on that, is it your understanding that the State then would move to dismiss the two counts of Attempt Murder that they filed this morning?

THE DEFENDANT: Yes, sir.

THE COURT: Okay. Once again, do you understand that if we do this, of course, that there will not be a trial on the

charge, meaning that the prosecutor will not have to bring into the courtroom any of the witnesses that she might have to testify against you?

THE DEFENDANT: Yes, sir.

THE COURT: Okay. And, of course, that will take away your right to have your attorney question or cross[-]examine those persons while they are here in the courtroom under oath. Do you understand that?

THE DEFENDANT: Yes, sir.

THE COURT: And is it your understanding also that there have been no—there has been no agreement concerning any sentence that you might receive if you are convicted of the Armed Robbery?

THE DEFENDANT: Yes, sir.

THE COURT: Okay. And I believe that you recall possibly that if convicted of the Armed Robbery, you understand that you must be sentenced to the penitentiary?

THE DEFENDANT: Yes, sir.

THE COURT: It is a non-probationable offense. You can't get probation.

THE DEFENDANT: Yes, sir.

THE COURT: The minimum sentence has got to be at least six years, the maximum sentence can be up to thirty years. You understand that?

THE DEFENDANT: Yes, sir.

THE COURT: And that what I mean by that is, any sentence that you might receive if you are convicted has to be somewhere within six and thirty.

THE DEFENDANT: Yes, sir.

THE COURT: And a possible fine of up to $10,000.

THE DEFENDANT: Yes, sir.

THE COURT: Any questions concerning any of that?

THE DEFENDANT: No, sir.

THE COURT: Okay. Anybody make any promises here to you that we haven't discussed in the courtroom here just in the last few minutes?

THE DEFENDANT: No, sir.

THE COURT: Anybody on the other hand try to threaten you into stipulating here this morning?

THE DEFENDANT: No, sir.

THE COURT: Okay. Do you have a statement then of the stipulated evidence?

MRS. PORTER: Yes, Your Honor. One of the witnesses which will be called by the State if this case proceeded to a jury trial or a bench trial would be Earl Amerson."

Jones contends that he did not understand the nature of the charge against him, the possible penalties, or the consequences of proceeding with the stipulated bench trial. Defendant argues that he did not understand that stipulating to evidence prevented him from cross-examining witnesses, and that he would not have proceeded with a stipulated bench trial had he realized that he could not cross-examine witnesses or present his own evidence. We find Jones' arguments unpersuasive in light of the record.

■ The court admonished the defendant on the nature of the charges and the sentences that could be imposed. The court admonished Jones that he would be forfeiting his constitutional right to cross-examine witnesses. The court further determined that no threats or promises were made to Jones in exchange for his agreement to proceed with a stipulated bench trial. In addition, the court advised Jones "that in all probability it would result in a finding of guilty."

The admonishing procedure followed by the trial court in this case, or one similar to it, is a wise one. Defendants are entitled to be properly advised of the consequences of their acts, whether they are entering a plea of guilty or stipulating to evidence for a bench trial. The more clear the admonishment, the less the chance of confusion on the defendant's part, and coincidentally the less the chance of a successful post-trial appeal on that point. The few minutes spent by the trial court in properly admonishing defendants may save many hours of re-trials in the future. See *People v. Sullivan* (1979), 72 Ill. App. 3d 533, 391 N.E. 2d 241.

We find that the trial court substantially complied with Supreme Court Rule 402 in admonishing the defendant, and we affirm the defendant's conviction.

Affirmed.

RARICK, P.J., and GOLDENHERSH, J., concur.