THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JOEL E. DAVIS, Defendant-Appellant.

Fifth District    No. 5—94—0386

Opinion filed February 20, 1997.

Daniel M. Kirwan and Larry R. Wells, both of State Appellate Defender's Office, of Mt. Vernon, for appellant.

Darrell Williamson, State's Attorney, of Chester (Norbert J. Goetten, Stephen E. Norris, and Craig J. Jensen, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE RARICK delivered the opinion of the court:

Defendant, Joel Davis, was charged in the circuit court of Randolph County with improper lane usage, illegal transportation of alcohol, and driving at a time when his license was revoked because of a prior conviction for driving under the influence of alcohol, after he had previously been convicted of driving while his license was suspended. At Davis's bench trial the State dismissed the illegal transportation of alcohol charge, and Davis stipulated to the facts on the improper lane usage and that he had operated a motor vehicle at a time when his license was revoked for driving under the influence of alcohol. Davis argued, however, that he was guilty only of misdemeanor driving while license revoked, rather than felony driving while license revoked, because his suspension was pursuant to section 11—501.1 of the Illinois Vehicle Code (Vehicle Code) (625 ILCS 5/11—501.1 (West 1994)) and was not one of the elements which could be used to enhance the offense of driving while license revoked to a felony. The trial court disagreed and found Davis guilty of the felony charge. Davis was sentenced to, *inter alia*, a two-year term of conditional discharge.

On appeal, Davis first argues that his stipulated bench trial was tantamount to a guilty plea and that the trial court was therefore required to admonish him pursuant to Supreme Court Rule 402 (134 Ill. 2d R. 402). Davis contends that because the trial court failed to so

admonish him, his conviction violated his right to due process and must be reversed.

In *People v. Horton*, 143 Ill. 2d 11, 570 N.E.2d 320 (1991), our supreme court addressed the issue of when a stipulated bench trial was tantamount to a guilty plea and when Rule 402 admonishments were required. The defendant in *Horton* was charged with three counts of armed robbery and two counts of aggravated battery. Prior to trial the defendant filed a motion to suppress identification evidence and quash his arrest. This motion was denied and the defendant subsequently filed a motion to sever the multiple counts against him because the charges arose from three separate incidents. This motion was granted. During the pretrial hearing before the defendant's first stipulated bench trial, defense counsel stated that the purpose of the stipulated bench trial was "to preserve a prior motion to quash arrest and suppress identification," and defense counsel stated that the defendant was "*not contesting the sufficiency of the evidence*" (emphasis added by *Horton* court). *Horton*, 143 Ill. 2d at 16, 570 N.E.2d at 322. After trial and during closing argument, defense counsel stated, "[T]he *defendant[ ] [is] not contesting the sufficiency of the evidence to convict ***"* (emphasis added by *Horton* court), and "The purpose of the stipulation is to preserve appeal on the previously denied motions to quash arrest and suppress the lineup." *Horton*, 143 Ill. 2d at 17, 570 N.E.2d at 322. During the defendant's second stipulated bench trial, defense counsel stated that the defendant acknowledged that there was sufficient evidence to convict him of armed robbery and aggravated battery. *Horton*, 143 Ill. 2d at 17, 570 N.E.2d at 322.

■ Our supreme court held that the defendant's first stipulated bench trial was not tantamount to a guilty plea, but that the second one was, and that Rule 402 admonishments were therefore required. With respect to the first stipulated bench trial, our supreme court noted that while defense counsel stipulated to the sufficiency of the evidence, he did not stipulate to the sufficiency of the evidence to convict. The court expressed its belief that counsel realized that the defendant's only viable defense theory was the suppression of the identification, and that he opted to proceed through a stipulated bench trial, thereby enjoying the benefits and conveniences of a guilty plea procedure without waiving the suppression issue. In so holding, the court in *Horton* adopted the rule that a stipulated bench trial is not tantamount to a guilty plea if the defendant preserved and presented a defense. *Horton*, 143 Ill. 2d at 22, 570 N.E.2d at 324-25.

In *Horton*, with respect to the defendant's second stipulated bench trial, the court found that defense counsel not only conceded the suf-

ficiency of the evidence but in fact stipulated to the sufficiency of the evidence to convict. "Thus," the court stated, "even though defendant presented and preserved a defense in his second stipulated bench trial, *Smith* applies and defendant should have 'be[en] afforded the protections set forth by Rule 402.' See [*People v.*] *Smith*, 59 Ill. 2d [236,] 243, 319 N.E.2d 760 [(1974)]." *Horton*, 143 Ill. 2d at 22, 570 N.E.2d at 325.

In the present case, the following exchange took place during Davis's bench trial:

"THE PROSECUTOR: I guess it's—I guess the point of the hearing is that while he is guilty of the misdemeanor driving while license revoked, the defendant's contention is he is not guilty of felony driving while license revoked because it can't be elevated for the driving while license suspended conviction.

THE COURT: Okay. Well, here. Let me state it and then you tell me if this is the stipulation between the two of you. That on February 7th of '94, the defendant, Joel Davis, operated a motor vehicle in the 100 block of South Maple Street in Sparta, Randolph County, Illinois, at a time when the defendant's license, permit, or privilege to operate a motor vehicle was revoked because of a conviction for operating a motor vehicle while under the influence of alcohol.

Are you stipulating to that, [defense counsel]?

DEFENSE COUNSEL: Yes.

THE COURT: State stipulating to that fact?

THE PROSECUTOR: Yes, your Honor.

THE COURT: Okay. Now I take it—

THE PROSECUTOR: And also the improper lane usage, that he committed the offense of improper lane usage at that time.

THE COURT: That he was driving outside the proper lane he should have been in.

DEFENSE COUNSEL: Yes. Well, he was driving the wrong way on a one-way street.

THE COURT: All right. Okay. Is that the full effect of the stipulation then?

DEFENSE COUNSEL: Yes."

It is apparent from the foregoing exchange that Davis did not stipulate that the evidence was sufficient to convict, although neither did he object when the prosecutor stated that Davis was stipulating that he was guilty of a misdemeanor. Reviewing the record, however, it is clear that Davis did not present or preserve any defense. The sole issue presented was whether a prior summary suspension could be used to enhance the offense of driving while license revoked to a felony. The State contends that the prior suspension was an element

of the offense of "felony driving while license revoked." The State's position is without merit. The elements of the offense of driving while license revoked are set forth in section 6—303(a) of the Vehicle Code, and the felony-enhancement factors in section 6—303(d) are not elements thereof. 625 ILCS 5/6—303(a), (d) (West 1994); see *People v. Bowman*, 221 Ill. App. 3d 663, 583 N.E.2d 114 (1991).

It is evident from the record that Davis conceded the sufficiency of the evidence to convict him of the offense of driving while license revoked. The only issue contested was whether he was guilty of a misdemeanor or a felony. We conclude that his stipulated bench trial was tantamount to a guilty plea and that Rule 402 admonishments were therefore required. The necessary admonishments were not given, nor did the trial court substantially comply with Rule 402. See *People v. Bond*, 257 Ill. App. 3d 746, 629 N.E.2d 197 (1994); *People v. Jones*, 212 Ill. App. 3d 570, 571 N.E.2d 278 (1991).

■ Davis next argues that his felony conviction must be vacated and the cause must be remanded for resentencing on a misdemeanor, because at the time of the offense statutory summary suspension was not a felony-enhancing factor. Our disposition of his first argument makes it unnecessary to address this issue, but we choose to do so nevertheless.

The offense in question occurred on February 7, 1994. At that time section 6—303 of the Vehicle Code provided in subsection (a):

"Any person who drives or is in actual physical control of a motor vehicle on any highway of this State at a time when such person's driver's license, permit or privilege to do so or the privilege to obtain a driver's license or permit is revoked or suspended as provided by this Code or any other law *** shall be guilty of a Class A misdemeanor." 625 ILCS 5/6—303(a) (West 1992).

Subsection (d) provided:

"Any person convicted of a second or subsequent violation of this Section shall be guilty of a Class 4 felony if the original revocation or suspension was for a violation of Section 11—401 or 11—501 of this Code, or a similar provision of a local ordinance, or a violation of Section 9—3 of the Criminal Code of 1961, as amended, relating to the offense of reckless homicide." 625 ILCS 5/6—303(d) (West 1992).

Section 11—401 of the Vehicle Code prohibits leaving the scene of an accident involving death or personal injury (625 ILCS 5/11—401 (West 1994)), and section 11—501 of the Vehicle Code prohibits driving under the influence of alcohol and/or drugs (625 ILCS 5/11—501 (West 1994)).

Davis maintains that at the time of the offense, his license was

suspended pursuant to section 11—501.1 of the Vehicle Code, which provides for statutory summary suspension (625 ILCS 5/11—501.1 (West 1994)), and that suspension pursuant to section 11—501.1 was not one of the factors which could enhance the offense to a felony.

Davis advanced this argument to the trial court; but the trial court rejected it, concluding that the term "suspension" in section 6—303(d) must necessarily relate to statutory summary suspension. The trial court reasoned that because a conviction under either section 11—401 or section 11—501 of the Vehicle Code or section 9—3 of the Criminal Code mandated revocation, the reference to "suspension" in section 6—303(d) must necessarily apply to statutory suspension. The trial court's analysis was incomplete, however, in that it failed to consider the "or a similar provision of a local ordinance" language in section 6—303. The legislature could well have anticipated that a local government might enact an ordinance similar to sections 11—401 and/or 11—501 of the Vehicle Code and provide for suspension as a penalty for a violation thereof.

Reference to a prior suspension for a violation of section 11—501.1 of the Vehicle Code was added to section 6—303(d) as an enhancing factor, effective January 1, 1995. The State maintains that the amendment adding the reference to section 11—501.1 was merely a clarification of existing law rather than a change in the law. Subsection (d) was added to section 6—303 by Public Act 84—272, effective January 1, 1986. At that time section 11—501.1 and the provisions therein relating to statutory summary suspension were in existence, but the legislature saw fit not to include a prior suspension for a violation of section 11—501.1 as one of the enhancing factors in section 6—303(d). Subsequent to the addition of subsection (d), section 6—303 was amended by Public Act 84—1394, effective September 18, 1986, and by Public Act 88—383, effective January 1, 1994. In both instances, the legislature had the opportunity to "clarify" the law but declined to do so. The references to statutory summary suspension were added to subsections (c) and (d) of section 6—303 by Public Act 88—680, effective January 1, 1995. Nothing in either Public Act 85—680 or the floor debates thereon indicates that the purpose of such additions was to "clarify" the law. This legislative history demonstrates that the exclusion of a reference to section 11—501.1 from section 6—303(d) prior to January 1, 1995, was not an oversight but rather was a conscious and deliberate decision by the legislature.

For the foregoing reasons, the judgment of the circuit court of

Randolph County is reversed, and the cause is remanded for a new trial.

Reversed and remanded.

WELCH and MAAG, JJ., concur.