PRESIDING JUSTICE HUDSON delivered the judgment of the court, with opinion.
¶ 1 Defendant, Thomas Taylor, was charged with two counts of unlawful use of a weapon ( 720 ILCS 5/24-1(a)(7)(ii) (West 2010) ) and one count of aggravated unlawful use of a weapon (id. § 24-1.6(a)(1) ) for knowingly possessing and selling a short-barreled shotgun. The matter proceeded to a stipulated bench trial, following which the court found defendant guilty and sentenced him to 30 months' probation. Defendant appeals, contending that the stipulated bench trial was equivalent to a guilty plea, but that he did not receive the admonishments required by Illinois Supreme Court Rule 402(a) (eff. July 1, 2012). We affirm.
¶ 2 Defendant was indicted after he sold a sawed-off shotgun to a confidential informant. Defendant moved to dismiss counts I and II, alleging that section 24-1(a)(7)(ii) of the Criminal Code of 1961 ( 720 ILCS 5/24-1(a)(7)(ii) (West 2010) ) was unconstitutional. The trial court denied the motion. Defendant filed a separate motion to dismiss count III, arguing that section 24-1.6 *57 had been declared unconstitutional in People v. Aguilar , 2013 IL 112116, 377 Ill.Dec. 405, 2 N.E.3d 321. The court never ruled on the motion, but the State nol-prossed that count.
¶ 3 Defendant waived his right to a jury trial, and the matter was set for a bench trial. On the trial date, defense counsel advised the court that the trial would take place via stipulation. The court then questioned defense counsel as follows:
"THE COURT: * * *
And based upon the motions, this is not a stipulation where you're stipulating and admitting or stipulating that the evidence would be sufficient to find guilt, you're just stipulating to the facts and asking the Court to make that decision, correct?
MR. SPARKS [defense counsel]: I believe so, yes. Yes."
¶ 4 The court continued the cause to July 14, 2015. On that date, the parties presented the court with a seven-page stipulation. The prosecutor also introduced as exhibits the shotgun, a shotgun shell, two audio recordings, and a video recording of the transaction. The court questioned defendant about the stipulation. Defendant said that he had read it, that he understood that it meant that none of the witnesses would testify or be cross-examined, and that he agreed with this strategy. The court asked defendant if he wished to "stipulate or, in other words, admit the seven page document for the truth-." Defendant replied, "Correct."
¶ 5 The court read the stipulation, then called a recess so that it could review the tapes. When the court went back on the record, it stated:
"Based upon the evidence that the court has received, I do find that the state has proven Mr. Taylor guilty beyond a reasonable doubt of both Count 1, unlawful use of a weapon, Class 3 felony, based upon his possession of a shotgun. I also find him guilty beyond a reasonable doubt of Count 2, unlawful use of a weapon, Class 3, based upon the selling of the shotgun."
¶ 6 The defense did not make opening or closing arguments or file a posttrial motion except to reiterate orally its position that the statute was unconstitutional. The court reaffirmed its prior ruling and subsequently sentenced defendant to 30 months' probation, including 180 days in jail. Defendant timely appeals.
¶ 7 Defendant contends that the stipulated bench trial was tantamount to a guilty plea, requiring that he be admonished pursuant to Rule 402(a). See Ill. S. Ct. R. 402(a) (eff. July 1, 2012). "[A] stipulation is tantamount to a guilty plea when one of two conditions is met: (1) the State presents its entire case by stipulation and defendant fails to preserve a defense; or (2) the stipulation concedes that the evidence is sufficient to support a guilty verdict." (Emphases in original.) People v. Clendenin , 238 Ill. 2d 302, 324, 345 Ill.Dec. 467, 939 N.E.2d 310 (2010). "If a stipulated bench trial is tantamount to a guilty plea, the trial court must admonish the defendant pursuant to Rule 402(a)." People v. Foote , 389 Ill. App. 3d 888, 893, 329 Ill.Dec. 603, 906 N.E.2d 1214 (2009).[1] Whether *58 a stipulation amounts to a guilty plea is reviewed de novo . People v. Mitchell , 353 Ill. App. 3d 838, 844, 289 Ill.Dec. 452, 819 N.E.2d 1252 (2004).
¶ 8 We begin with whether defendant conceded that the evidence was sufficient to convict. Defendant contends that he effectively did so when he admitted the "truth" of the stipulation. The State responds that this is a necessary incident to presenting a stipulation, as no one would agree to a stipulation that he believed was false.
¶ 9 The greater context defeats defendant's argument. When defendant first advised the court that there would be a stipulated bench trial, he specifically denied that he was stipulating to the sufficiency of the evidence; he was stipulating only "to the facts." Accordingly, when defendant agreed that he was entering the stipulation for its "truth," he was necessarily stipulating only "to the facts," not to the sufficiency of those facts. It does not matter that, as defendant maintains, those facts were indeed sufficient; what matters is that defendant left the question of sufficiency for the court to decide. See Foote , 389 Ill. App. 3d at 894, 329 Ill.Dec. 603, 906 N.E.2d 1214 (stipulated bench trial was not tantamount to a guilty plea where, inter alia , defendant agreed that trial court would decide guilt).
¶ 10 Defendant cites People v. Davis , 286 Ill. App. 3d 686, 221 Ill.Dec. 872, 676 N.E.2d 675 (1997), for the proposition that a defendant can stipulate to the sufficiency of facts merely by stipulating to facts. There, the Fifth District reviewed the exchange between the trial court and the defendant and noted that "[i]t is apparent from the foregoing exchange that [the defendant] did not stipulate that the evidence was sufficient to convict." Id. at 689, 221 Ill.Dec. 872, 676 N.E.2d 675. Next noting, however, that the defendant did not preserve a defense, the court decided that "[i]t is evident from the record that [the defendant] conceded the sufficiency of the evidence to convict." Id. at 690, 221 Ill.Dec. 872, 676 N.E.2d 675. We do not see how a defendant's failure to preserve a defense (one condition under which a stipulated bench trial is tantamount to a guilty plea) can make "evident" a defendant's concession that the evidence is sufficient (the other condition), despite the fact that it is "apparent" that the defendant is not so conceding. Suffice to say, we do not find Davis persuasive. Here, it is "apparent" that defendant did not stipulate to the sufficiency of the evidence, and thus his stipulation was not tantamount to a guilty plea on that basis.
¶ 11 Defendant's principal contention is that he did not use the stipulated bench trial to preserve a defense. As defendant notes, although he contended that the statute was unconstitutional, the unconstitutionality of a statute implicates the trial court's jurisdiction and thus is not waived by a guilty plea. People v. Price , 2016 IL 118613, ¶ 31, 412 Ill.Dec. 782, 76 N.E.3d 1240 (facially unconstitutional statute produces void judgment); see Blackledge v. Perry , 417 U.S. 21, 30, 94 S.Ct. 2098, 40 L.Ed.2d 628 (1974) (guilty plea did not waive claim implicating "the very power of the State to bring the defendant into court to answer the charge brought against him"). Thus, defendant argues, the stipulated bench trial served no purpose because his constitutional claim would have been preserved even had he pleaded guilty. The State responds, in essence, that the nature of the defense does not matter so long as defendant actually preserved a defense. We agree.
*59 ¶ 12 The reason why a stipulation that fails to preserve a defense is tantamount to a guilty plea is that the defendant, by failing to preserve a defense, functionally admits his guilt (much as he does when he stipulates that the evidence is sufficient to convict). Here, defendant did not admit his guilt; quite to the contrary, he asserted that the offense with which he was charged did not even legally exist. He thus made clear that the purpose of the stipulated bench trial was to preserve that defense for appeal. It does not matter that a guilty plea would not have waived that defense; what matters is that, by invoking a stipulated bench trial as a method of preserving that defense, defendant did not effectively enter a guilty plea.
¶ 13 In sum, defendant did not stipulate that the evidence was sufficient to convict, and he preserved a defense. Thus, his stipulation was not tantamount to a guilty plea, and the trial court was not required to admonish him under Rule 402(a).
¶ 14 The judgment of the circuit court of Kane County is affirmed. As part of our judgment, we grant the State's request that defendant be assessed $50 as costs for this appeal. See 55 ILCS 5/4-2002(a) (West 2016); People v. Nicholls , 71 Ill. 2d 166, 178, 15 Ill.Dec. 759, 374 N.E.2d 194 (1978).
¶ 15 Affirmed.
Justice Burke concurred in the judgment and opinion.
Justice Jorgensen specially concurred, with opinion.
¶ 16 JUSTICE JORGENSEN, specially concurring:
¶ 17 I agree with the outcome and the majority's analysis here, as it accurately reflects the current state of the law. I write separately to draw attention to the diluted requirement that, to comport with the prerequisites of a stipulated bench trial, the defendant must preserve a defense. This concept has been glossed over and expanded such that "preserving" a defense now means the mere proffering or assertion of a defense, regardless of whether that defense would have been lost upon pleading guilty.
¶ 18 In a broader context, I first note that a stipulated bench trial is still a bench trial, with such procedures and protections, from opening statement to posttrial motions, intact. The distinguishing factor is that, in a stipulated bench trial, the State is relieved of its obligation to produce witnesses in open court to testify and undergo the scrutiny of cross-examination. In other words, the defense agrees that the written stipulation is an accurate statement of what the witnesses would testify to, if called, and there is no need for cross-examination. Thus, the recitation is "stipulated to."
¶ 19 Stipulation is nothing new. It is common practice in criminal cases to use stipulations to dispense with live testimony where there is little or no material dispute over the anticipated testimony. In a stipulated bench trial, the concept has simply been expanded to include all of the State's otherwise live testimony. Regardless, a defendant in the stipulated-bench-trial context does not concede that the evidence is sufficient to convict; rather, he reserves the right to argue that the evidence as presented is not sufficient to convict.
¶ 20 Here, the trial court followed a proper procedure for a stipulated bench trial. There was a waiver of trial by jury. Each side was offered an opportunity for opening statement. The State's case-in-chief was presented by stipulation as a written statement articulating (1) what the witnesses would testify to and (2) the exhibits offered for admission for which there was an agreement that a chain of *60 custody and foundation had been properly established. The exhibits were then offered for admission. To its credit, the trial court here went beyond any minimally required procedures. See, e.g. , People v. Clendenin , 238 Ill. 2d 302, 320-24, 345 Ill.Dec. 467, 939 N.E.2d 310 (2010) (no admonishments required where stipulation is not tantamount to a guilty plea). The court took the extra step to inquire of defendant whether he could read, had reviewed the written stipulation, and had spoken to his attorney about the stipulation; defendant responded affirmatively to those questions. The court also inquired whether anyone had forced defendant to stipulate or had promised him anything in return for his stipulation; defendant responded that no one had done so. Further, the court admonished defendant that, by stipulating to the testimony of the State's witnesses, he was waiving his right to cross-examine those witnesses. Following this short colloquy, the court accepted the stipulation and admitted the exhibits. Upon the court's denial of his motion for a directed finding, defendant presented no evidence, as the only apparent defense raised was that the statute is unconstitutional.[2] Finally, before the court reviewed the evidence presented, each side was offered an opportunity to present a closing argument. The court thereafter found defendant guilty. Defendant's posttrial motion raised the same constitutional issue, which the court again rejected. Following sentencing, defendant appealed.
¶ 21 In light of the foregoing, I certainly have no dispute with the manner in which the trial court conducted the bench trial. In fact, defendant received almost all of the admonishments that he would have received had he pleaded guilty, and I therefore outline this near-textbook stipulated bench trial procedure as a model for future cases. Rather, my concern is that we have moved far afield from the requirement that a defendant "preserve a defense" that he would have waived had he pleaded guilty. Traditionally, the concept of a stipulated bench trial arose to allow a defendant to preserve his right to appeal an adverse ruling on a pretrial motion without participating in a trial in the conventional sense. This was especially true where the only defense to the charge was the suppression of certain evidence and the defendant wished to appeal the denial of a motion to suppress. The right to appeal that denial would, of course, be waived if the defendant pleaded guilty, and a stipulated bench trial, therefore, would act to "preserve" a right to appeal that would otherwise be lost.
¶ 22 Recent cases appear to ignore this distinction, thus allowing a stipulated bench trial to be the procedure through which a defendant may pursue on appeal a constitutional argument, which can, nevertheless, be raised at any time. See, e.g. , People v. Thompson , 404 Ill. App. 3d 265, 344 Ill.Dec. 53, 936 N.E.2d 195 (2010) (defense preserved in stipulated bench trial challenged the constitutionality of a statute); People v. Malchow , 306 Ill. App. 3d 665, 239 Ill.Dec. 664, 714 N.E.2d 583 (1999) (same); People v. DePalma , 256 Ill. App. 3d 206, 194 Ill.Dec. 594, 627 N.E.2d 1236 (1994) (same); People v. Sampson , 130 Ill. App. 3d 438, 85 Ill.Dec. 403, 473 N.E.2d 1002 (1985) (same). Therefore, the concept of preserving a defense has, in practice, been interpreted to mean simply proffering a defense, regardless of whether a bench trial, as opposed to a guilty plea, was necessary to preserve the defense. Here, defendant's right to appeal the adverse ruling on the constitutionality of the statute was never in peril, as a constitutional *61 challenge could have been raised whether defendant pleaded guilty or was found guilty after a trial. Nevertheless, it appears that proffering a defense, in this context, is akin to preserving one. Thus, it is my opinion that, if we accept the trend in the case law to mean that a defendant must simply proffer a defense, as opposed to preserving one, then that is what we should state as the requirement. Such acknowledgement could only encourage greater use of stipulated bench trials as a valuable tool to conserve court resources by allowing undisputed testimony to be presented by written stipulation, issues and defenses to be made of record, the case to be efficiently resolved, and the matter to be forthwith presented for review.

We observe that this statement of the law, though widely accepted, does not accord with the rule's text. The rule does not state that admonishments are required whenever a stipulation is tantamount to a guilty plea; it states, rather, that admonishments are required if the stipulation is "that the evidence is sufficient to convict." Ill. S. Ct. R. 402(a) (eff. July 1, 2012). That is, although the supreme court's case law identifies two conditions under which a stipulation is tantamount to a guilty plea, its rule purports to apply to only one. For our purposes here, however, we will assume that admonishments are required under either condition.

Although the trial court did not inquire of defendant whether he wished to testify, it was clear, in context, that the only defense defendant raised was the unconstitutionality of the statute.