**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2021 IL App (3d) 190129-U

Order filed July 19, 2021
Modified upon denial of rehearing filed August 19, 2021

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2021

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 12th Judicial Circuit, Will County, Illinois, |
| Plaintiff-Appellee, | ) ) | |
| | ) | Appeal No. 3-19-0129 |
| v. | ) ) | Circuit Nos. 16-DT-1132, 16-TR-60437, and 16-TR-60438 |
| | ) | |
| MATTISON J. GALARZA, | ) ) | Honorable Theodore J. Jarz, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE DAUGHERITY delivered the judgment of the court.
Presiding Justice McDade and Justice Holdridge concurred in the judgment.

_____

**ORDER**

¶ 1      *Held*:  (1) The evidence was sufficient to prove defendant guilty of failure to reduce speed to avoid an accident, but the evidence was insufficient to prove defendant guilty of operating an uninsured motor vehicle beyond a reasonable doubt.
(2) The stipulated bench trial was not tantamount to a guilty plea.

¶ 2      Defendant, Mattison J. Galarza, appeals his convictions for driving under the influence of

alcohol (DUI), failure to reduce speed to avoid an accident, and operating an uninsured motor

vehicle. Defendant argues (1) the State failed to prove him guilty beyond a reasonable doubt of

failure to reduce speed to avoid an accident and operating an uninsured motor vehicle; and (2) his stipulated bench trial was tantamount to a guilty plea, such that the court erred by failing to admonish him pursuant to Illinois Supreme Court Rule 402 (eff. July 1, 2012). We affirm in part and reverse in part.

¶ 3                                     I. BACKGROUND

¶ 4        The State charged defendant with two counts of DUI (625 ILCS 5/11-501(a)(1), (a)(2) (West 2016)), one count of failure to reduce speed to avoid an accident (*id.* § 11-601(a)), and one count of operating an uninsured motor vehicle (*id.* § 3-707).

¶ 5        The matter proceeded to a stipulated bench trial based on the written reports created in response to the single-car accident that precipitated the charges. The court considered the police report, the paramedics' reports describing the medical care given to defendant and Jordan Taylor, who was a passenger when the accident occurred, and the vehicle's registration information.

¶ 6        The evidence showed that paramedics from the Wilmington Fire Protection District responded to an accident at approximately 5 a.m. on August 27, 2016. They found Taylor alert and sitting in the vehicle's driver's seat. The vehicle's air bags had deployed. Taylor told them that defendant had been driving when he "jerked" the wheel, causing the vehicle to hit a tree. The paramedics detected the odor of an alcoholic beverage on Taylor's breath. Taylor refused medical treatment.

¶ 7        The paramedics found defendant sitting on the ground outside the vehicle. Defendant said that he injured his knee in a prior accident and aggravated that injury by slipping in the grass when he stepped out of the vehicle. Defendant told the paramedics that he was fine, but that he could not stand on his own because of his injured knee. Defendant refused treatment.

¶ 8        Officer Ryan Albin of the Will County Sheriff's Office observed that the vehicle suffered "heavy front end damage against a tree." On the floor in front of the vehicle's passenger seat, Albin discovered an empty vodka bottle. Albin also found defendant's cell phone wedged in the driver's seat.

¶ 9        Albin spoke with defendant, noting that defendant's eyes were bloodshot and glassy, his breath smelled strongly of an alcoholic beverage, and his words slurred together when he spoke. Defendant said that he and Taylor were at a bar "having a couple drinks" earlier that night but denied consuming alcohol in the vehicle. Albin conducted field sobriety tests on defendant, but defendant could not complete the walking portions of the tests due to his injured knee. Defendant failed the horizontal gaze nystagmus test. A breath test showed that defendant's blood alcohol concentration (BAC) was 0.203. Albin arrested defendant for DUI, and defendant submitted to a breath test while in custody that showed a BAC of 0.182.

¶ 10       Before the court delivered its judgment, defense counsel argued that Taylor, not defendant, was driving the vehicle when the accident occurred, saying, "[O]ur main position is that [defendant] was not the driver of the vehicle." Counsel contended that the paramedics' reports supported this conclusion:

>            "I think what's pretty clear from an unbiased perspective are the paramedics who are the first to arrive on scene and actually saw the repercussions of an accident. And when they arrived, they saw *** Taylor in the driver's seat with the air bags deployed, Judge, and they saw [defendant] as the passenger kind of on the floor.
>
>            While the vehicle was registered to [defendant], there is [*sic*] plenty of situations where other people let someone else drive. That's his car so the cell phone could be anywhere, Judge. It's really the paramedics saw someone else as

3

the driver, Jordan Taylor. There should be no weight according [*sic*] to any other testimony or statements, just that's [*sic*] clear, unbiased eyewitnesses, Judge."

¶ 11 The court found defendant guilty of one count of DUI, as well as failure to reduce speed to avoid an accident and operating an uninsured motor vehicle. Regarding the failure to reduce speed to avoid an accident charge, the court mused, "I guess it's an appropriate charge for a one car accident in that fashion. The Court finds him guilty on that." When the State commented, "I don't think we presented anything on the proof of insurance, Judge," the court replied, "We haven't got anything to the contrary."

¶ 12 The court sentenced defendant to 24 months' conditional discharge, 17 days in jail, 240 hours of community service, and ordered him to pay $2250 in fines, fees, and costs. Defendant appeals.

¶ 13                                                   II. ANALYSIS

¶ 14                                          A. Sufficiency of the Evidence

¶ 15 First, defendant argues that his convictions for failure to reduce speed to avoid an accident and operating an uninsured motor vehicle must be reversed because the stipulated evidence was insufficient to prove him guilty of those offenses beyond a reasonable doubt. We agree that the evidence presented was insufficient to support the operating an uninsured motor vehicle charge, but we disagree regarding the failure to reduce speed to avoid an accident charge.

¶ 16 "A criminal conviction will not be set aside unless the evidence is so improbable or unsatisfactory that it creates a reasonable doubt of the defendant's guilt." *People v. Collins*, 106 Ill. 2d 237, 261 (1985). It is not the reviewing court's role to retry the defendant; instead, we must ask whether, " 'after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a

4

reasonable doubt.' " (Emphasis in original.) *Id.* (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). We apply this standard of review "regardless of whether the evidence is direct or circumstantial or whether defendant received a bench or a jury trial." *People v. Norris*, 399 Ill. App. 3d 525, 531 (2010). Where a violation of the Illinois Vehicle Code (Code) (625 ILCS 5/1-100 *et seq.* (West 2016)) is charged, "the burden of proof required to sustain a conviction is the same as in any other criminal case." *People v. Mindock*, 128 Ill. App. 2d 196, 199 (1970).

¶ 17                                    1. Failure to Reduce Speed to Avoid an Accident

¶ 18        Under the Code, drivers have a duty "to decrease speed *** when special hazard exists with respect to pedestrians or other traffic or by reason of weather or highway conditions." 625 ILCS 5/11-601(a) (West 2016). "In order to prove a defendant guilty of failure to reduce speed to avoid an accident, the State must adduce evidence that the defendant drove carelessly and that he or she failed to reduce speed to avoid colliding with persons or property." *People v. Sturgess*, 364 Ill. App. 3d 107, 116 (2006). The State need not present proof that the defendant exceeded the speed limit, as the offense can be committed regardless of the vehicle's speed or the relevant speed limit. *Id.*

¶ 19        The record clearly shows that defendant drove carelessly. According to Taylor, defendant was driving when he jerked the wheel, causing the vehicle to hit a tree. Taylor's use of the verb "jerk" implies defendant made a quick, sharp, and sudden movement. See Merriam-Webster Online Dictionary, https:/www.merriam-webster.com/dictionary/jerk (last visited Aug. 13, 2021). Given defendant's high BAC, which was more than twice the legal limit, such a movement, whether done to avoid an impediment or in jest, was indeed careless. See 625 ILCS 5/11-501(a)(1) (West 2016). Thus, the combination of defendant's act of jerking the wheel and a high BAC readily established the careless driving element.

¶ 20　　The record also established that defendant failed to reduce speed to avoid colliding with the tree. The very fact that defendant hit the tree establishes that he failed to reduce speed to avoid this accident. In other words, the statute required defendant to reduce speed enough to "avoid colliding with persons or property." *Sturgess*, 364 Ill. App. 3d at 116; 625 ILCS 5/11-601(a) (West 2016). The fact that defendant may or may not have reduced his speed slightly is immaterial as any speed change was insufficient to avoid the collision. Much like a burglar entering a home without permission, this offense was a *fait accompli* the moment defendant's vehicle collided with a tree. See, *e.g.*, *People v. Poe*, 385 Ill. App. 3d 763, 766 (2008) (burglary is a *fait accompli* the moment an individual makes an unauthorized entry with the requisite intent regardless of whether the subsequent felony or theft is ever committed). Therefore, viewed in the light most favorable to the State, we find that the stipulated evidence was sufficient to prove defendant's guilt of failure to reduce speed to avoid an accident beyond a reasonable doubt.

¶ 21　　In reaching the above conclusion, we acknowledge that several cases have reached the opposite conclusion, finding that failure to reduce speed cannot be inferred from the fact that a defendant was involved in an accident because any individual involved in an accident would then be guilty of the offense. *People v. Brant*, 82 Ill. App. 3d 847, 852 (1980); *People v. Sampson*, 130 Ill. App. 3d 438, 444 (1985). We are unpersuaded by this rationale, as the charge is intended to deter careless driving resulting in a collision rather than deter only those types of careless driving that result in collisions due to the failure to reduce *sufficient* speed. Accordingly, we affirm defendant's conviction for failure to reduce speed to avoid an accident.

¶ 22　　　　　　　　　　2. Operating an Uninsured Motor Vehicle

¶ 23　　The Code also provides that "[n]o person shall operate a motor vehicle unless the motor vehicle is covered by a liability insurance policy ***." 625 ILCS 5/3-707(a) (West 2016).

6

¶ 24    Regarding defendant's conviction for operating an uninsured motor vehicle, the State confesses error. The record indicates that the State presented no evidence demonstrating that defendant lacked vehicle insurance when the accident occurred. By finding defendant guilty of operating an uninsured motor vehicle after saying, "We haven't got anything to the contrary," the court improperly shifted the burden onto defendant to prove his innocence. The State was obligated to prove all elements of the offense charged beyond a reasonable doubt. See *People v. Cunningham*, 212 Ill. 2d 274, 278 (2004). By failing to present any evidence regarding whether defendant had vehicle insurance when the accident occurred, the State failed to meet this burden. Accordingly, we accept the State's confession of error and reverse defendant's conviction for operating an uninsured motor vehicle.

¶ 25                        B. Stipulated Bench Trial

¶ 26    Second, defendant argues that his stipulated bench trial was tantamount to a guilty plea, such that the court erred by failing to admonish him pursuant to Rule 402. There are only two instances where we consider a stipulated bench trial tantamount to a guilty plea: "(1) the State's entire case is to be presented by stipulation *and* the defendant does not present or preserve a defense; *or* (2) the stipulation includes a statement that the evidence is sufficient to convict the defendant." (Emphases in original.) *People v. Clendenin*, 238 Ill. 2d 302, 322 (2010). "The reason why a stipulation that fails to preserve a defense is tantamount to a guilty plea is that the defendant, by failing to preserve a defense, functionally admits his guilt (much as he does when he stipulates that the evidence is sufficient to convict)." *People v. Taylor*, 2018 IL App (2d) 150995, ¶ 12. Where a stipulated bench trial is tantamount to a guilty plea, the circuit court must admonish defendant pursuant to Rule 402; otherwise, the court is under no such obligation. *People v. Rowell*, 229 Ill. 2d 82, 102 (2008).

¶ 27    The instant case falls under neither category specified in *Clendenin*. First, defendant preserved the defense that he was not driving the vehicle at the time of the accident. Defense counsel argued "[O]ur main position is that [defendant] was not the driver of the vehicle" and "[w]hen [the paramedics] arrived, they saw *** Taylor in the driver's seat with the air bags deployed, Judge, and they saw [defendant] as the passenger kind of on the floor." By raising this argument, defendant did not functionally admit his guilt, but instead asserted his innocence and contended that Taylor was the guilty party. See *Taylor*, 2018 IL App (2d) 150995, ¶ 12. As a result, we cannot say that the stipulated bench trial was the functional equivalent of a guilty plea. Second, neither defendant nor defense counsel stated on the record that the stipulated evidence was sufficient to convict defendant. See *id.* Thus, the court was not required to admonish defendant pursuant to Rule 402, as defendant's stipulated bench trial was not tantamount to a guilty plea.

¶ 28                                    III. CONCLUSION

¶ 29    The judgment of the circuit court of Will County is affirmed in part and reversed in part.

¶ 30    Affirmed in part and reversed in part.