2025 IL App (1st) 232370-U

No. 1-23-2370

Order filed March 20, 2025

Fourth Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 22 MC4 005961 |
| | ) | |
| CANDACE WARD, | ) | Honorable |
| | ) | ShawnTe Raines-Welch, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

JUSTICE OCASIO delivered the judgment of the court.
Justices Hoffman and Lyle concurred in the judgment.

**ORDER**

¶ 1    *Held*:  We affirm defendant's conviction for criminal trespass over her challenge to the sufficiency of the evidence.

¶ 2    Following a bench trial, defendant Candace Ward was found guilty of criminal trespass and sentenced to six months' supervision. On appeal, she contends the evidence was insufficient to sustain her conviction because the State failed to prove beyond a reasonable doubt that she

received notice that she was not to enter Longfellow Elementary School without permission. We affirm.

¶ 3      The State charged Ward via misdemeanor complaint with one count of criminal trespass to land after she entered Longfellow Elementary in Oak Park after having received notice that such entry was forbidden. See 720 ILCS 5/21-3(a)(2) (West 2022). The case proceeded to a bench trial.

¶ 4      Dr. Felicia Starks Turner, school district associate superintendent from 2020 through 2022, testified that she was responsible for overseeing the grounds and security of Longfellow Elementary as well as enforcement of school board policies, including communicating with individuals who violated those policies. Starks Turner identified Ward in court and testified that she had "several [incidents]" with Ward on June 1, 2022. That same day, Starks Turner sent Ward a warning letter informing her of "reports of profanity towards staff and threats towards staff" that violated school board policy. On June 23, 2022, Starks Turner issued a no-trespass notice to Ward after Ward continued "that same type of behavior." The notice informed Ward that, because of her repeated violations of school board policy, she was required to provide 48 hours' notice to the school building principal or district administrator of her intent to enter school grounds and to receive permission from the principal or administrator before entering, unless she was dropping off or picking up her children.

¶ 5      On September 14, 2022, Starks Turner learned that Ward had not provided the required 48 hours' notice of her intent to attend an event that evening at the school. She emailed Ward to remind her of the no-trespass notice and attached a copy of the notice to the email. At that point, Starks Turner had provided the notice three times: by mail and email on June 23, 2022, by email on September 14, 2022, and by hand-delivery on a date she could not remember at trial.

¶ 6    Amy Jefferson testified that she was the principal of Longfellow Elementary and in charge of events at the school as well as the safety and security of students and staff. At approximately 6:30 p.m. on September 14, 2022, the school was hosting "curriculum night" for families of students. During Jefferson's presentation, staff members alerted her that Ward was trying to enter the building. Jefferson was aware of the no-trespass letter. Ward had not notified Jefferson of her intent to attend the curriculum night, and Jefferson had not granted her permission to enter school grounds.

¶ 7    Jefferson went to a "secure location" and notified the security manager and Starks Turner. A few minutes later, Jefferson left to go to the main office. As she passed the front entrance, she saw, about 20 feet away, Ward standing outside on the steps of the school building with a police officer.

¶ 8    On cross-examination, Jefferson testified that Longfellow Elementary teacher George Merriweather taught one of Ward's children. On September 12, 2022, two days before the curriculum night, she learned from Merriweather that he had reached out to Ward to ask whether she would be attending curriculum night and told her that, if so, "she would need to notify based on the no trespassing order." Jefferson had previously informed Merriweather of the no-trespass letter issued to Ward.

¶ 9    Jefferson further testified on cross-examination that on September 13, 2022, she sent an informational email about curriculum night to all Longfellow Elementary students' families, including Ward, whose email was included in the "all-families" email list. On redirect, Jefferson explained the school district programmed the "all-families" email list, and the invitation email neither superseded nor was in lieu of the no-trespass letter.

¶ 10 Oak Park police sergeant John Nikischer testified that he responded to a call at Longfellow Elementary on September 14, 2022, around 6:30 to 6:45 p.m. He found Ward on the school grounds standing a few feet from the front entrance. Nikischer asked Ward to leave, but Ward refused and was "angry, yelling, a bit belligerent." Nikischer testified that another officer on the scene handcuffed Ward and put her in a squad car.

¶ 11 After the State rested, Ward's counsel made a motion for a directed finding, contending that the State failed to introduce sufficient evidence that she had received the no-trespass notice. Counsel also contended Ward was on the sidewalk in front of the school during the incident, and the evidence did not show she had actually entered school grounds. The State countered that it had made a *prima facie* case, as testimony showed Ward received the no-trespass notice three times from Starks Turner and a fourth time from Merriweather. Further, Jefferson and Nikischer both stated Ward was on school grounds, not the sidewalk. The trial court denied the motion.

¶ 12 In closing, defense counsel argued that the State had not shown that Ward received any of the no-trespass notices or that Ward was not picking up or dropping off her child, as the terms of the notice allowed. Defense counsel also mentioned that Jefferson's September 13, 2022, email had invited Ward to attend the curriculum night the next day.

¶ 13 In issuing its ruling, the court noted defense counsel's emphasis on the September 13, 2022, email inviting Ward to curriculum night and said, "I do agree with the State that Ms. Ward can't have it both ways. Either you were receiving the e-mails *** or you weren't receiving e-mails at that e-mail address." It stated, based on the circumstantial evidence, that it "[could] reasonably infer that those e-mails were received and notice was given." The court found Ward guilty of

criminal trespass, sentenced her to six months' supervision, and ordered her to have no unlawful contact with the school.

¶ 14    Ward filed a motion to reconsider, arguing in relevant part that the State failed to prove that she received the no-trespass notice. The trial court denied the motion, noting that Starks Turner testified credibly that she hand-delivered one of the notices to Ward.

¶ 15    Ward appeals, challenging the sufficiency of the evidence to sustain her conviction.

¶ 16    When considering a challenge to the sufficiency of the evidence, we view the evidence in the light most favorable to the State to determine whether any rational trier of fact could have found the elements of the crime beyond a reasonable doubt. *People v. Beauchamp*, 241 Ill. 2d 1, 8 (2011). We allow all reasonable inferences in favor of the State and will not reverse unless the evidence is so improbable, unsatisfactory, or inconclusive as to create a reasonable doubt of the defendant's guilt. *Id.* We will not disturb the fact-finder's credibility determinations. *People v. Milka*, 211 Ill. 2d 150, 178 (2004). The testimony of a single witness, if credible, is sufficient. *People v. Smith*, 185 Ill. 2d 532, 541 (1999).

¶ 17    A defendant is guilty of criminal trespass to land if she "enters upon the land of another, after receiving, prior to the entry, notice from the owner or occupant that the entry is forbidden." 720 ILCS 5/21-3(a)(2) (West 2022). Notice may be oral or in writing. *Id.* § 21-3(b).

¶ 18    Ward's sole argument on appeal is that the State failed to prove beyond a reasonable doubt that she received the no-trespass notice and thus knew that she was forbidden from being on school grounds without permission. She contends that Starks Turner's testimony was insufficient evidence that Ward actually received the mailed or emailed notices and that Starks Turner's testimony regarding the "hand-delivered" notice was vague as to time and place.

¶ 19    The "knowingly" mental state applies to all elements of the offense of criminal trespass. *People v. Chai*, 2014 IL App (2d) 121234, ¶ 34. A person has knowledge of a fact or circumstance when she is "consciously aware *** that those circumstances exist." 720 ILCS 5/4-5(a) (West 2022). Knowledge may be inferred from circumstantial evidence, and such inferences are within the province of the fact-finder. See *People v. Schmidt*, 392 Ill. App. 3d 689, 702 (2009).

¶ 20    After reviewing the evidence in the light most favorable to the State, we find that a rational fact-finder could conclude Ward received, and knew she received, the no-trespass notice. Starks Turner testified that she sent the no-trespass notice to Ward on June 23, 2022, via mail and email, and again on September 14, 2022, via email. She also "hand-delivered" the notice to Ward, although she could not remember the date. Starks Turner explained the notice specified that unless Ward was dropping off or picking up her children, she was required to provide 48 hours' notice of her intent to enter school grounds to the building principal or district administrator and to receive permission from one of them before entering. In denying Ward's motion to reconsider, the court specifically noted that Starks Turner testified credibly that she hand-delivered one of the notices to Ward. See *Smith*, 185 Ill. 2d at 541 (testimony of a single witness is sufficient evidence to convict). We will not disturb the fact-finder's credibility determinations (see *Milka*, 211 Ill. 2d at 178) and decline Ward's invitation to do so here.

¶ 21    Additional circumstantial evidence supports the court's conclusion that Ward received the notice. Specifically, the record shows that on September 13, 2022, Jefferson sent an informational email about curriculum night to all Longfellow Elementary students' families, including Ward. Given Ward's presence at the event, it is reasonable to infer, as the trial court did, that Ward

received and read that email and, thus, also received and read the emails from Starks Turner notifying her that she was forbidden from entering school grounds without permission.

¶ 22    In announcing its ruling, the court explained, "I do agree with the State that Ms. Ward can't have it both ways. Either you were receiving the e-mails *** or you weren't receiving e-mails at that e-mail address." We agree with the trial court that, based on the circumstantial evidence, it "[could] reasonably infer that those e-mails were received and notice was given." As our supreme court has explained, "[t]he trier of fact is not required to disregard inferences that logically flow from the evidence." *People v. Galarza*, 2023 IL 127678, ¶ 41. We allow all reasonable inferences in favor of the State (*Beauchamp*, 241 Ill. 2d at 8), including this one. The court considered Ward's knowledge of curriculum night as evidence that Ward was reading the emails the school sent to her, and on that basis it reasonably inferred that Ward also read—and therefore was consciously aware of—the no-trespass notices that Starks Turner had emailed to her. As such, the evidence is not so improbable, unsatisfactory, or inconclusive as to create a reasonable doubt of Ward's guilt. See *id.*

¶ 23    In reaching this conclusion, we are not persuaded by Ward's arguments that the State was required to establish the "precise contents" of the no-trespass notice to prove the notice was not ambiguous, that the address to which the notice was mailed was current, and that Starks Turner's emails were opened and did not go to a spam folder. For purposes of the charged offense, the State had to prove Ward received notice forbidding her from entering the school grounds. See 720 ILCS 5/21-3(a)(2) (West 2022). Here, the State did just that when it elicited Starks Turner's credible testimony that she delivered the no-trespass notice to Ward by mail, by email, and by hand and that the notice explained Ward was forbidden from entering school grounds unless she either gave

notice of her intent to do so and received advance permission or was picking up or dropping off her children. Further, Jefferson testified that teacher Merriweather reached out to Ward at least two days before curriculum night to remind her to notify the school in advance if she planned to attend, and Ward did not do so.

¶ 24 Thus the evidence established the notice was conveyed to Ward four times by several means, it unambiguously forbade Ward from entering school grounds without advance permission, and Ward did not request permission as required. Although Ward contends she may not have opened any of the notices sent to her, we are "not required to search out all possible explanations consistent with innocence or be satisfied beyond a reasonable doubt as to each link in the chain of circumstances." *People v. Wheeler*, 226 Ill. 2d 92, 117 (2007). Rather, we must ask whether the record evidence, considered in the light most favorable to the State, "could reasonably support a finding of guilt beyond a reasonable doubt." *Id.* at 117-18. As such, we find the evidence supports the trial court's finding that Ward received the no-trespass notices and therefore knew that she was forbidden from entering school grounds without advance permission.

¶ 25 For these reasons, we affirm Ward's conviction for criminal trespass to land.

¶ 26 Affirmed.